**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**William K. RODRIGUEZ,**
**Defendant–Appellant.**

No. 93–8355.

United States Court of Appeals,
Fifth Circuit.

June 14, 1994.

M. Carolyn Fuentes, Philip J. Lynch, Asst. Federal Public Defenders, San Antonio, TX, Lucien B. Campbell, Federal Public Defender, Austin, TX, for defendant-appellant.

Richard L. Durbin, Jr., Margaret F. Leachman, Asst. U.S. Attys., James H. DeAtley, Acting U.S. Atty., San Antonio, TX, for plaintiff-appellee.

Before REAVLEY, GARWOOD, and EMILIO M. GARZA, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

William Rodriguez appeals the district court's sentence imposed upon revocation of his supervised release. Because the district court sentenced Rodriguez in absentia and without affording him the right to allocute, we vacate and remand for resentencing.

In 1989, Rodriguez was convicted by a jury of stealing a government-owned van in violation of 18 U.S.C. § 641, and was sentenced to three years of probation. Upon revocation of his probation for violating the terms of such probation, Rodriguez was subsequently sen-

---

tenced to five months imprisonment and three years supervised release.

In 1993, the probation office filed in federal district court an amended petition to revoke Rodriguez's supervised release. The amended petition specifically charged Rodriguez with committing a state crime while on supervised release, failing to submit required urine samples, and failing to make required restitution payments, all in violation of the terms of his supervised release. The district court referred the matter to a magistrate judge, pursuant to 18 U.S.C.A. § 3401(i) (West Supp.1994).[1]

The magistrate judge conducted a revocation hearing, at which Rodriguez and his counsel were present. At the hearing, Rodriguez pled true to the charges in the amended petition to revoke supervised release. In his report to the district court, the magistrate judge recommended that Rodriguez's supervised release be revoked. In recommending an appropriate term of imprisonment,[2] the magistrate judge expressly considered the policy statements of Chapter 7 of the Guidelines. Based on the revocation table set forth in U.S.S.G. § 7B1.4(a), p.s., Rodriguez's applicable sentencing range was four to ten months imprisonment. Citing Rodriguez's "willful failure to make any reasonable effort to comply with even the minimal conditions" of his probation or supervised release, the magistrate judge instead recommended that Rodriguez be sentenced to twenty-four months imprisonment.

Rodriguez filed objections to the magistrate's report and recommendations. He also requested a brief hearing before the district court "to provide additional information in person." Without holding another hearing, the district court entered an order adopting the report and recommendations of the magistrate judge. The court therefore revoked Rodriguez's supervised release and sentenced him to twenty-four months imprisonment. Neither Rodriguez nor his counsel were present when the district court imposed sentence. Rodriguez subsequently filed a timely notice of appeal.

"We will uphold a sentence unless it (1) was imposed in violation of law, (2) resulted from an incorrect application of the guidelines, (3) was outside the guideline range and is unreasonable, or (4) was imposed for an offense for which there is no applicable sentencing guideline and is plainly unreasonable." *United States v. Headrick*, 963 F.2d 777, 779 (5th Cir.1992) (citing 18 U.S.C. § 3742(e)). Because there are no applicable guidelines for sentencing after revocation of supervised release, *see* U.S.S.G. Chapter 7 Part A 1. ("At this time, the Commission has chosen to promulgate policy statements only."), we will uphold Rodriguez's sentence unless it is in violation of law or plainly unreasonable. *Headrick*, 963 F.2d at 779. "A sentence is imposed in an illegal manner if the court fails to comply with the procedural rules in imposing sentences." *United States v. Velasquez*, 748 F.2d 972, 974 (5th Cir.1984). "Once it is found that the district court failed to comply with a procedural rule of sentencing, a new sentencing hearing should be ordered." *Id.*

Rodriguez contends, *inter alia*, that his sentence was imposed in violation of law because the district court sentenced him in absentia and without affording him the right to allocute.[3] Rule 43(a) of the Federal Rules

---

1. Section 3401(i) provides:

   A district court may designate a magistrate judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the judge proposed findings of fact and recommendations for such modification, revocation, or termination by the judge, including, in the case of revocation, a recommended disposition under section 3583(e) of this title. The magistrate judge shall file his or her proposed findings and recommendations.

2. A court may require a person who has violated a condition of his supervised release "to serve in

prison all or part of the term of supervised release without credit for time previously served on postrelease supervision." .18 U.S.C. § 3583(e)(3).

3. Rodriguez also raises several issues premised on the district court's failure to sentence him within the applicable range set forth in U.S.S.G. § 7B1.4, p.s. Because we vacate and remand for resentencing due to the district court's sentencing of Rodriguez in absentia, we need not address those other issues. We nevertheless point out that any sentence imposed upon revocation of supervised release must be consistent with our recent decision in *United States v. Mathena*, 23

of Criminal Procedure provides that "[t]he defendant shall be present ... at the imposition of sentence, except as otherwise provided by this rule."[4] Rule 32(a) of the Federal Rules of Criminal Procedure provides that "[b]efore imposing sentence, the court shall ... (C) address the defendant personally and determine if the defendant wishes to make a statement and to present any information in mitigation of the sentence." Although conceding that Rodriguez was not present when the district court imposed sentence, the government argues that Rodriguez's presence at the revocation hearing, where he was given an opportunity to be heard, satisfied the requirements of Rules 43(a) and 32(a)(1)(C). We disagree.

Although we have found no case dealing with this issue in the context of a revocation hearing conducted pursuant to 18 U.S.C.A. § 3401(i) (West Supp.1994), we think it clear that the hearing before the magistrate judge did not satisfy the requirements of Rules 43(a) and 32(a)(1)(C). The magistrate judge did not possess the authority to impose sentence; only the district court possessed that authority. *See* 18 U.S.C.A. § 3401(i) (West Supp.1994) (stating that magistrate judges may be given the authority to conduct revocation hearings and to "submit to the judge *proposed findings of fact and recommendations*" (emphasis added)). Therefore, Rule 43(a) required that Rodriguez be present when the district court imposed sentence, and not when the magistrate judge recommended sentence. Similarly, Rule 32(a)(1)(C) refers to the court that imposes sentence. *See* Fed.R.Crim.P. 32(a)(1)(C) (stating that "[b]efore imposing sentence, the court shall ... address the defendant person-

ally...."). Therefore, Rule 32(a)(1)(C) required that Rodriguez be given the right to allocute when the district court imposed sentence. As we stated in *United States v. Moree*, 928 F.2d 654 (5th Cir.1991):

> [T]he requirements of criminal justice ... leave no doubt of [the defendant's] right to be present when a final determination of sentence is made. The elementary right of a defendant to be present at the imposition of sentence and to speak in his own behalf ... is not satisfied by allowing him to be present and speak at a prior stage of the proceedings.... Even if he has spoken earlier, a defendant has no assurance that when the time comes for final sentence the district judge will remember the defendant's words in his absence and give them due weight. Moreover, only at the final sentencing can the defendant respond to a definitive decision of the judge.

*Id.* at 656 (footnote omitted). The final determination of Rodriguez's sentence was made by the district court, and not the magistrate judge. Rodriguez was therefore entitled to be present and to allocute when the district court imposed sentence. As the record clearly shows, he was denied that "elementary right."

Accordingly, the sentence imposed by the district court is VACATED and the cause REMANDED for resentencing.

---

F.3d 87 (5th Cir.1994). *See id.* 23 F.3d at 93 (holding that when a court sentences a defendant upon revoking his supervised release under § 3583(e), the policy statements of Chapter 7 are advisory only).

**4.** The government's claim that Rodriguez waived his right to be present at the imposition of sentence is not supported by the record. At the revocation hearing, Rodriguez's counsel stated:

> "*Only if* [the magistrate judge's report] comes to [the district court] on an *unobjected-to recommendation* does [the court] sign it *without a hearing. Otherwise,* we got an issue that [the

court] needs to resolve, and people need to have notice and [the] opportunity to [be] hear[d], *the defendant needs to be present*, because something going to happen that hasn't happened before."

Record on Appeal vol. 3, at 58–59 (emphasis added). It is undisputed that Rodriguez filed his objections to the magistrate's report and recommendations. We further point out that Rodriguez prefaced his objections with a specific request for a hearing before the district court, so that he could "provide additional information in person, and to allow counsel to present argument."