**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 98-4333

ROBERT DAVID TORRY, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, District Judge.
(CR-96-2-F)

Submitted: October 30, 1998

Decided: December 21, 1998

Before WILKINS and NIEMEYER, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William Arthur Webb, Federal Public Defender, Edwin G. Walker,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. Janice McKenzie Cole, United States Attorney, Anne M.
Hayes, Assistant United States Attorney, Raleigh, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In April 1998, the district court revoked Robert David Torry's term of supervised release and sentenced him to twenty-four months' imprisonment. Torry appeals, contending that the court erred by not asking him if he wanted to make a statement in mitigation of his sentence pursuant to Fed. R. Crim. P. 32(c)(3)(C). Because Torry did not raise this issue in the district court, he concedes we review for plain error. See United States v. Olano, 507 U.S. 725, 732-36 (1993).

In February 1998, a motion was filed in district court alleging that Torry violated the terms and conditions of his supervised release by selling two pounds of marijuana to an undercover agent. At the revocation hearing, Torry denied the allegation. The court heard testimony from Leander McCall, III, of the Cumberland County Sheriff's Department, concerning the sale. At the conclusion of McCall's testimony, the court asked "[a]nything you want to say to the court, Mr. Torry?" (J.A. at 17). Torry responded affirmatively, but defense counsel interrupted to state that Torry did not want to testify. Torry claimed that he wanted to make a statement.

Torry proceeded to claim that the Cumberland County Sheriff's Department was without jurisdiction to arrest him because the alleged offense occurred outside the county's jurisdiction. The court stated that it understood Torry's argument. It then concluded that Torry had violated the terms and conditions of the supervised release. It revoked the supervised release, sentenced Torry to twenty-four months' imprisonment, and ordered that Torry immediately pay the balance of the fine imposed as part of the original sentence.

Torry, who did not ask the court for an opportunity to speak in mitigation of his sentence, contends that the court committed plain error when it did not ask him if he wanted to make such a statement. See,

2

e.g., United States v. Lewis, 10 F.3d 1086, 1092 (4th Cir. 1993) (reviewing appellant's contention he was denied right to allocute at sentencing reviewed for plain error because he did not raise the issue in district court). There are three conditions Torry must meet in order for this Court to review the error. "First, there must be an error, meaning a deviation from a legal rule." United States v. Hanno, 21 F.3d 42, 45 (4th Cir. 1994). Second, the error must be plain, meaning clear under current law. Third, the plain error must affect substantial rights. Even if Torry can satisfy these requirements, correction of the error remains within our sound discretion, which we should not exercise unless the error seriously affects the fairness, integrity or public reputation of the judicial proceeding. See Olano, 507 U.S. at 732.

This circuit has not yet addressed the question of whether Rule 32(c)(3) applies to a supervised release revocation. And, the other circuits are divided on this issue. Compare United States v. Patterson, 128 F.3d 1259, 1260-61 (8th Cir. 1997) (per curiam) (holding that Rule 32(c)(3)(C) applies to sentencing upon revocation of supervised release), United States v. Carper, 24 F.3d 1157, 1162 (9th Cir. 1994) (same), and United States v. Rodriguez, 23 F.3d 919, 921 (5th Cir. 1994) (same), with United States v. Waters, ___ F.3d ___, 1998 WL 658665, at *11 (6th Cir. Sept. 28, 1998) (finding no indication that Congress wanted the rule to apply to revocation hearings). Accordingly, assuming without deciding that the district court erred in failing to provide Torry with an opportunity to allocute, the error was not plain. See United States v. Alli-Balogun, 72 F.3d 9, 12 (2d Cir. 1995) (stating that "we do not see how an error can be plain error when the Supreme Court and this court have not spoken on the subject, and the authority in other circuit courts is split").

Because Torry failed to show plain error, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3