IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50720
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SEAN VERNON HUSK,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-98-CR-249-ALL-JN
--------------------
December 12, 2002

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:*

Sean Vernon Husk appeals his sentence following the revocation of his supervised release after his guilty-plea conviction for possession of a firearm by a convicted felon. Husk argues that his sentence is plainly unreasonable because the district court did not adequately consider the statutory factors regarding the violations for which revocation was sought and gave

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

improper weight to the domestic-violence charge that already had been relied on to modify the supervised-release terms

After revoking a defendant's supervised release, a district court must consider the factors contained in 18 U.S.C. § 3553(a) in determining the sentence to be imposed. See United States v. Gonzalez, 250 F.3d 923, 929 & n.9 (5th Cir. 2001). Consideration of those factors need not be explicit. See id. at 930. Because there are no binding guidelines for sentencing after the revocation of supervised release, such a sentence will be upheld unless it is imposed in violation of law or is plainly unreasonable. See United States v. Rodriquez, 23 F.3d 919, 920 (5th Cir. 1994).

Husk admitted to violating the conditions of supervised release. The court also considered testimony of a woman who had filed assault charges against him. In addition to describing the assault, she testified that Husk had exhibited a pattern of anger-control problems, that he was manipulative, and that he did not believe that he should have to follow rules. Her testimony addressed the need for the sentence to deter Husk's criminal conduct and protect the public from his recidivism, two of the factors to be considered under 18 U.S.C. § 3553(a). See Gonzalez, 250 F.3d at 929 & n.9.

Contrary to Husk's assertions, the entire record indicates that the district court did consider the relevant sentencing factors in determining his sentence. See id. at 930. Although

in excess of the suggested range, the sentence is not plainly unreasonable.  See United States v. Giddings, 37 F.3d 1091, 1097 (5th Cir. 1994).  The district court's judgment is AFFIRMED.