IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 5, 2008

Charles R. Fulbruge III
Clerk

No. 07-40728

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

PATRICK WADE SCHNITKER

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:03-CR-159-1

Before JONES, Chief Judge, and WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Patrick Wade Schnitker violated the terms of his supervised release. A magistrate judge acting under 18 U.S.C. § 3401(i) conducted the hearing on the revocation of Schnitker's supervised release. The magistrate judge issued a report and recommendation which advised revocation, and Schnitker filed timely written objections. The district court adopted the magistrate judge's report and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

recommendation and sentenced Schnitker in absentia to twenty-four months of imprisonment. Schnitker appeals. For the reasons stated below, we reverse and remand for resentencing.

## I. FACTS AND PROCEEDINGS

Schnitker pleaded guilty to the fraudulent use of access devices in violation of 18 U.S.C. §§ 371 and 1029(a)(2) on January 22, 2004. He was sentenced to thirty-seven months of imprisonment and three years of supervised release on June 30, 2004. Schnitker served his term of incarceration and began serving his supervised release on May 6, 2006. In December 2006, Schnitker's probation officer moved to revoke Schnitker's supervised release based on the allegations that Schnitker: (1) committed the crime of criminal trespass, (2) failed to report an arrest, (3) failed a drug test, (4) used a controlled substance, and (5) failed to adequately participate in a drug treatment program.

At his initial appearance before the magistrate judge on March 12, 2007, Schnitker waived his right to a preliminary hearing under Rule 32.1(b)(1) of the Federal Rules of Criminal Procedure and requested to proceed to the final revocation hearing under Rule 32.1(b)(2). Pursuant to Schnitker's request, the magistrate judge set Schnitker's matter for a final revocation hearing on April 4, 2007. The final revocation hearing also took place before the magistrate judge. At the final revocation hearing, Schnitker pleaded true to allegations three, four, and five. After evidence was presented, the magistrate judge found that Schnitker had violated the terms of his supervised release.[1]

The government recommended the maximum sentence of twenty-four months of imprisonment, and Schnitker made an oral objection, asserting that a sentence of twenty-four months of imprisonment would constitute cruel and

---

[1] It should be noted that at the final revocation hearing the magistrate judge also appropriately advised Schnitker of his "right to allocute his case to the United States District Judge if he so desires."

unusual punishment for the original offense because the time of imprisonment would exceed the statutory maximum.  The magistrate judge denied Schnitker's objection and issued a report and recommendation to the district court on April 12, 2007, recommending revocation of Schnitker's supervised release and a sentence of twenty-four months of imprisonment.

Schnitker filed objections to the magistrate judge's report and recommendation, asserting once again that his sentence for his original offense would exceed the statutory maximum if Schnitker was required to serve another twenty-four months of imprisonment.[2]  After performing a de novo review of the record, the district court overruled Schnitker's objection and adopted the magistrate judge's report and recommendation.  The district court sentenced Schnitker to twenty-four months of imprisonment on July 20, 2007, without holding a hearing.  Schnitker appealed.

## II.  DISCUSSION

Schnitker raises two issues.  First, he argues that his final revocation hearing was invalid because it was held before a magistrate judge without Schnitker's express consent.  Second, Schnitker argues that the district court violated Rule 32.1 of the Federal Rules of Criminal Procedure because it sentenced him in absentia and without giving him the opportunity to allocute.

A.    18 U.S.C. § 3401(i)

Schnitker challenges the magistrate judge's authority to conduct his final revocation hearing without his consent under 18 U.S.C. § 3401(i).  Although Schnitker did not object to the magistrate judge's authority below, we consider Schnitker's claim because if he is correct the error is jurisdictional and cannot be waived.  See Withrow v. Roell, 288 F.3d 199, 201 (5th Cir. 2002) (holding that lack of consent to trial by a magistrate judge under 28 U.S.C. § 636(c)(1) is a

---

[2] Schnitker does not challenge the length of his sentence in this appeal.

jurisdictional error that cannot be waived), rev'd on other grounds by Roell v. Withrow, 538 U.S. 580, 591 & n.8 (2003).

Section 3401(i) states:

> A district judge may designate a magistrate judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the judge proposed findings of fact and recommendations for such modification, revocation, or termination by the judge, including, in the case of revocation, a recommended disposition under section 3583(e) of this title. The magistrate judge shall file his or her proposed findings and recommendations.

18 U.S.C. § 3401(i). This section clearly authorizes the magistrate judge to conduct hearings on the revocation of supervised release. The authority to conduct such hearings is consistent with and similar to the magistrate judge's power to conduct hearings and make recommendations to the district court under 28 U.S.C. § 636(b)(1). Although the parties have not cited any case in which this Circuit has explicitly addressed the validity of § 3401(i), this court implicitly affirmed its validity in United States v. Rodriguez, 23 F.3d 919, 920 & n.1 (5th Cir. 1994). See also United States v. Waters, 158 F.3d 933, 936 (6th Cir. 1998) (holding that § 3401(i) authorized magistrate judges to preside over revocation hearings and noting that Rodriguez, 23 F.3d at 920 & n.1, assumed that the magistrate judge had the authority to do so).

The parties have not cited any cases from this Circuit addressing whether the defendant's consent is required before a magistrate judge may preside over a revocation hearing under § 3401(i). This is an issue on which other courts of appeals disagree. Compare United States v. Colacurcio, 84 F.3d 326, 332 (9th Cir. 1996) (stating in dicta that the defendant's consent was necessary under § 3401(i)), with Waters, 158 F.3d at 938–39 (holding that the defendant's consent was not necessary under § 3401(i)).

In Colacurcio, the Ninth Circuit stated:

> Because Congress placed subsections (h) and (i) in § 3401, we conclude that Congress intended subsection (b), which requires defendant's consent, to apply to hearings conducted under subsections (h) and (i). There is simply no evidence in the legislative history that Congress meant to dispense with the consent requirement under subsection (b) when it added subsections (h) and (i) to the statute.

84 F.3d at 332. This statement was dicta because the defendant in Colacurcio was challenging the revocation of his parole under § 3401(d), not revocation of supervised release under § 3401(i). Id. at 329, 330–32.

In Waters, which was a revocation of supervised release case like the one before us, the Sixth Circuit concluded that there is no consent requirement in § 3401(i). 158 F.3d at 938–39. The Sixth Circuit acknowledged the Ninth Circuit's dicta in Colacurcio, but rejected it after distinguishing misdemeanor trials by magistrate judges under § 3401(b) and revocation of supervised release hearings by magistrate judges under § 3401(i). Id. The Sixth Circuit "interpret[ed] the absence of an express consent requirement in subsection (i) as a deliberate choice by Congress to exclude it in light of the lesser need for such a safeguard in the context of the revocation of supervised release." Id. at 939. The Sixth Circuit further reasoned that the "de novo review by an Article III judge is adequate to protect the rights of a convict accused of violating the terms of his supervised release." Id.

We agree with the Sixth Circuit and hold that § 3401(i) does not require the defendant's consent before a magistrate judge can conduct a hearing on modifying, revoking or terminating his supervised release. This conclusion is consistent with the other subsections of § 3401. Section 3401(b) authorizes magistrate judges to try and sentence those convicted of misdemeanors as long as the defendant "expressly consents to be tried before the magistrate judge and expressly and specifically waives trial, judgment, and sentencing by a district judge." Section 3401(d) empowers magistrate judges "to revoke, modify, or

5

reinstate the probation of any person granted probation by a magistrate." Section 3401(d) specifically limits the probation-altering authority of magistrate judges to those cases in which a magistrate judge had jurisdiction to grant probation in the first instance. In those cases where a magistrate judge imposed probation, however, § 3401(d) grants a magistrate judge final authority to alter probation.

Section 3401(i), in contrast, authorizes a magistrate judge to conduct revocation hearings regarding supervised release even if the supervised release was not granted by a magistrate judge. Unlike § 3401(d), subsection (i) does not authorize magistrate judges to take the final step of actually revoking or modifying supervised release; the district court retains final authority to modify the defendant's sentence. See Gonzalez v. United States, No. 06-11612, slip op. at 9 (U.S. May 12, 2008) (noting that when the magistrate judge acts under 28 U.S.C. § 636(b)(3), "the district judge . . . is waiting in the wings, fully able to correct errors") (internal quotations omitted). We agree with the Sixth Circuit that the district court's de novo review is sufficient to preserve the defendant's rights, and that his express consent to a final revocation hearing before a magistrate judge is not necessary. We hold that the magistrate judge had authority to preside over Schnitker's final revocation hearing under § 3401(i) without his express consent.

B.    Sentencing in absentia

Schnitker also argues that the district court violated Rule 32.1 of the Federal Rules of Criminal Procedure when it sentenced him in absentia and without giving him the opportunity to allocute. The government argues that Schnitker waived his right to allocute before the district court by not requesting to do so at his revocation hearing before the magistrate judge.

Schnitker had the right to be present and to allocute at his sentencing. In Rodriguez, this Court held that the requirements of Rule 43(a) and the former

Rule 32(a)(1)(C)[3] were not satisfied by the defendant's presence and allocution at a final revocation hearing before a magistrate judge under § 3401(i). 23 F.3d at 920–21 & n.1. In Rodriguez, the defendant was sentenced to a term of supervised release by a district court. Id. at 919. He violated the terms of his supervised release and a final revocation hearing was held before a magistrate judge. Id. at 919–20. The magistrate judge recommended that the supervised release be revoked. Id. at 920. The defendant objected to the report and requested a hearing before the district court to "'provide additional information.'" Id. at 920. The district court adopted the magistrate judge's recommendations and revoked the defendant's supervised release without holding an additional hearing. Id.

This Court vacated the sentence and remanded for resentencing because the district court imposed the sentence in absentia and without giving the defendant an opportunity to allocute. Id. at 921. Although we noted that the defendant requested a hearing, this Court did not rely on the defendant's request to find that error occurred. Id. at 920–21 & n.4. This Court stated that "[t]he final determination of [the defendant's] sentence was made by the district court, and not the magistrate judge. [The defendant] was therefore entitled to be present and to allocute when the district court imposed sentence." Id. at 921.

The government concedes that it was error for the district court not to permit the defendant to allocute at his sentencing. The government nevertheless argues that under United States v. Reyna, this Court should review the district court's actions for plain error because Schnitker failed to object to his lack of an opportunity to allocute. 358 F.3d 344, 353 (5th Cir. 2004). The government argues that under the plain-error standard, we should affirm the sentence because "the district court's failure to provide [Schnitker with] the

---

[3] This rule has been recodified as Rule 32(i)(4)(A)(ii).

opportunity to allocute in the absence of any request to do so is not error affecting the fairness, integrity or public reputation of judicial proceedings."

We decided Reyna under the plain-error standard because the defendant was present at his sentencing and waived his right to allocute by failing to object when the district court did not allow him to speak. Id. Schnitker had no opportunity to object to the lack of allocution, because he was sentenced in absentia. Likewise, because the record shows that the district court sentenced him in a written order without setting a date for his appearance, Schnitker did not have the opportunity to waive his right to be present at his sentencing.[4] Under these circumstances, we review the district court's actions for abuse of discretion. United States v. Bigelow, 462 F.3d 378, 381 (5th Cir. 2006) (reviewing unobjected-to error for abuse of discretion instead of plain error where the defendant had no opportunity to object below); United States v. Warden, 291 F.3d 363, 364–65 & n.1 (5th Cir. 2002). Because the district court erred when it sentenced Schnitker without giving him the opportunity to appear, we must vacate Schnitker's sentence and remand for a resentencing hearing at which Schnitker may appear or voluntarily waive his presence.

## III. CONCLUSION

We VACATE the sentence and REMAND to the district court.

---

[4] Under Rule 43(c)(1)(B) of the Federal Rules of Criminal Procedure, "[a] defendant . . . who had pleaded guilty . . . waives the right to be present . . . when the defendant is voluntarily absent during sentencing." Id.