**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

ASHLEY LYNN GRAY,
*Defendant-Appellant.*

No. 18-30022

D.C. No.
4:06-cr-00065-CCL

OPINION

Appeal from the United States District Court
for the District of Montana
Charles C. Lovell, Senior District Judge, Presiding

Submitted September 12, 2018[*]

Filed October 3, 2018

Before: Edward Leavy, Michael Daly Hawkins,
and Richard C. Tallman, Circuit Judges.

Per Curiam Opinion

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## SUMMARY**

### Criminal Law

The panel vacated a 20-month sentence imposed following revocation of supervised release and remanded for resentencing in a case in which the district court rejected a magistrate judge's recommendation of a five-month sentence.

The panel agreed that, as the government conceded, the district court violated Fed. R. Crim. P. 32 by relying on the probation officer's confidential sentencing recommendation which included factual information that had not been disclosed to the defendant and to which she had no opportunity to respond before sentence was imposed.

The panel took the opportunity to address the procedure employed by the district court. The panel held that even if the defendant is given an opportunity to appear and speak before the magistrate judge, the district court must provide the defendant an additional opportunity before the actual sentence is imposed. The panel acknowledged that the defendant in this case could have obtained a hearing before the district court by objecting to the magistrate judge's finding and recommendation, but concluded that the defendant's failure to do so did not constitute an explicit waiver of her right to be present and allocute at the imposition of sentence.

---

** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

The panel remanded to the district court to conduct a resentencing hearing at which the defendant will be present and will have an opportunity to challenge the probation officer's allegations and allocute.

## COUNSEL

David A. Merchant II and Joslyn Hunt, Assistant Federal Defenders; Anthony R. Gallagher, Federal Defender; Office of the Federal Public Defender, Billings, Montana; for Defendant-Appellant.

Timothy A Tatarka, Assistant United States Attorney; Kurt G. Alme, United States Attorney; United States Attorney's Office, Billings, Montana; for Plaintiff-Appellee.

## OPINION

PER CURIAM:

Ashley Lynn Gray appeals the 20-month sentence imposed following the revocation of her supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand for resentencing.

I.

Gray's supervised release term commenced on July 26, 2016. In November 2017, Gray's probation officer filed a petition for revocation of supervised release and sought an arrest warrant. After Gray was arrested and following the initial revocation hearing, the district court issued an order

referring the petition to a magistrate judge "for hearing, findings of fact, and recommendation."

The magistrate judge held a final revocation hearing on December 21, 2017. At the beginning of the hearing, Gray consented to have the magistrate judge conduct the hearing. Gray admitted to all but one of the violations contained in probation's petition. Gray's counsel requested a three-month prison sentence, slightly below the Guidelines' range of 4–10 months, while the government requested a five-month sentence.

The magistrate judge stated that he would recommend a five-month sentence and told Gray:

> As I indicated earlier, you also not only have the right to address me and to allocute or to tell me why you think a certain sentence is appropriate, you also have the right to appear before Judge Lovell and allocute before Judge Lovell, and that is the right to appear before the judge and address Judge Lovell personally and explain why your supervised release should not be revoked or what you believe would be an appropriate disposition in this case. And in order to do that, however, you will have to file your written objection within 14 days of the time that the findings and recommendations are issued by me.

The magistrate judge then issued a written finding and recommendation ("F&R"), recommending that the district court revoke Gray's supervised release and impose a sentence of five months. The F&R indicated that "[f]ailure to timely file written objections may bar a *de novo*

determination by Judge Lovell, and may waive the right to appear and allocute before Judge Lovell."

Gray filed a response to the magistrate judge's F&R in which she requested that the district court recommend that she serve her sentence in FCI Waseca. She did not object to any portion of the F&R.

Without holding a hearing, the district court issued a written order adopting in part and rejecting in part the magistrate judge's F&R. While the district court agreed that revocation was appropriate, it rejected the magistrate judge's recommended sentence. The district court quoted at length from the probation officer's confidential sentencing recommendation, which had not been provided to Gray or her counsel. In relevant part, the sentencing recommendation conveyed that the probation officer had monitored Gray's phone calls from the Yellowstone County Detention Facility. The probation officer noted that during these phone calls, Gray had not indicated remorse or concern for her actions. The probation officer concluded that "defendant was convicted of a very serious offense which proves her to be a danger to the community. Her conduct indicates supervised release is not an adequate deterrent to criminal conduct. Furthermore, the defendant's actions indicate the only reasonable option to protect the public from her continued criminal activity is to incarcerate her." Probation accordingly recommended the court impose a 20-month sentence.

The district court adopted the probation officer's recommendation and imposed a sentence of 20 months, explaining that the "record before the Court demonstrates that Defendant's risk of recidivism is high and that she poses a significant danger to the public."

## II.

Gray contends that the district court violated Federal Rule of Criminal Procedure 32 by failing to disclose to her factual evidence on which it relied at sentencing. The government concedes that the district court erred, and we agree. We review de novo. *See United States v. Thomas*, 355 F.3d 1191, 1194 (9th Cir. 2004). Rule 32 "require[s] the disclosure of all relevant factual information to the defendant," including "factual information underlying a probation officer's confidential sentencing recommendation." *United States v. Baldrich*, 471 F.3d 1110, 1114 (9th Cir. 2006); *see also United States v. Whitlock*, 639 F.3d 935, 939–40 (9th Cir. 2011) (extending *Baldrich*'s requirements to post-revocation sentencings). In its order sentencing Gray, the district court relied on the probation's officer confidential sentencing recommendation, which included factual information that had not been disclosed to Gray and to which she had no opportunity to respond before sentence was imposed. Accordingly, we must vacate and remand for resentencing.

## III.

In light of our decision to remand, we take this opportunity to address the procedure employed by the district court in sentencing Gray.

Here, Gray consented to have a magistrate judge conduct her revocation hearing. The magistrate judge, therefore, was authorized to hold a revocation hearing in this matter and recommend a sentence to the district court. *See* 18 U.S.C. § 3401(i); *see also United States v. Colacurcio*, 84 F.3d 326, 332 (9th Cir. 1996). The district court, however, then imposed a sentence without holding a hearing. Agreeing

with the reasoning of two of our sister circuits, we now hold that the district court's procedure was erroneous.

Federal Rule of Criminal Procedure 43(a)(3) provides that a defendant "must be present" at sentencing. Additionally, we have held that Federal Rule of Criminal Procedure 32.1(b)(2)(E) "requires a court to address a supervised releasee personally to ask if he wants to speak before the court imposes a post-revocation sentence." *United States v. Daniels*, 760 F.3d 920, 924 (9th Cir. 2014). As the Fifth Circuit explained, these "elementary" rights are violated when the defendant's only opportunity to appear and be heard is before the magistrate judge, and not at the final sentencing. *See United States v. Rodriguez*, 23 F.3d 919, 921 (5th Cir. 1994); *see also United States v. Waters*, 158 F.3d 933, 942–45 (6th Cir. 1998) (defendant's right to be present and allocute at sentencing violated by district court's adoption of magistrate's sentencing recommendation by written order without a hearing). In conducting proceedings based on an order of reference by a district court, a magistrate judge does "not possess the authority to impose sentence; only the district court possesse[s] that authority." *Rodriguez*, 23 F.3d at 921. Thus, even if the defendant is given an opportunity to appear and speak before the magistrate judge, the district court must provide the defendant an additional opportunity before the actual sentence is imposed.

We acknowledge that Gray could have obtained a hearing before the district court by objecting to the magistrate's F&R. However, we conclude that under the procedures employed in the District of Montana, Gray's failure to do so did not constitute an explicit waiver of her right to be present and allocute at the imposition of sentence. *See United States v. Stocks*, 104 F.3d 308, 312 (9th Cir.

1997) (right to a hearing can be waived if the waiver is knowing, intelligent, and voluntary). Before sentencing, Gray had no cause to file an objection; indeed, the difference between her requested sentence and the magistrate's recommendation was only two months. Certainly, she had no reason at that point to anticipate that the district court would reject the magistrate's recommendation, on the basis of a confidential report from the probation officer, in favor of a sentence *four times* the length of the sentence recommended by the magistrate judge and the government. The onus should not be on the defendant to make a prophylactic objection to the F&R in order to preserve her right to be present for the actual post-revocation sentencing, and we decline to find an enforceable waiver here. *Cf. Waters*, 158 F.3d at 942 (defendant did not waive his right to be present for sentencing by failing to request a hearing before the district court where he had a valid reason for not making the request).

## IV.

We vacate Gray's sentence and remand to the district court to conduct a resentencing hearing at which Gray will be present and will have an opportunity to challenge the probation officer's allegations and allocute.

**VACATED and REMANDED for resentencing with instructions.**