**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 16 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50080 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-01287-LAB-1 |
| v. | |
| JORGE GOMEZ-GOMEZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted November 4, 2019
Pasadena, California

Before: MURGUIA and HURWITZ, Circuit Judges, and GUIROLA,** District Judge.

Jorge Gomez-Gomez ("Gomez") was arrested near the United States-

Mexico border in an area between two fences known as "Spooners Mesa." A jury

found Gomez guilty of attempted illegal reentry into the United States in violation

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Louis Guirola, Jr., United States District Judge for the Southern District of Mississippi, sitting by designation.

of 8 U.S.C. § 1326. Gomez appeals his conviction and sentence. We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We affirm Gomez's conviction, but vacate his sentence, and remand.

1. Any error by the district court in excluding evidence concerning sensors in Spooners Mesa did not deny Gomez the constitutional right to present a defense.[1] In determining "whether evidence erroneously excluded was so important to the defense that the error assumes constitutional magnitude," we consider: (1) "the probative value of the evidence on the central issue"; (2) "its reliability"; (3) "whether it is capable of evaluation by the trier of fact"; (4) "whether it is the sole evidence on the issue or merely cumulative"; and (5) "whether it constitutes a major part of the attempted defense." *United States v. Stever*, 603 F.3d 747, 756 (9th Cir. 2010) (quoting *Alcala v. Woodford*, 334 F.3d 862, 877 (9th Cir. 2003)). Even assuming the sensor evidence was minimally relevant, it was not a major part of the defense or the only evidence on Gomez's intent. It was uncontested that Border Patrol agents saw a cut in the border fence wiring, two pairs of footprints, and found Gomez in the area between the two fences. The exclusion of the sensor evidence did not prevent Gomez from arguing

---

[1] Gomez does not challenge the district court's exclusion of the sensor evidence under discovery or evidentiary rules. And, he clarified at oral argument that he does not challenge the district court's exclusion of evidence about the sensor's range, only the exclusion of evidence that the sensor triggered on the night of Gomez's arrest and once in the preceding two weeks.

that he had no tools, could have escaped with any alleged accomplice in the time it took the Border Patrol agents to find him, did not understand which barrier marked the United States border, and had been sleeping in Spooners Mesa for weeks with no intent of crossing into the United States. Therefore, we cannot say that the exclusion of the challenged sensor evidence rises to the level of a constitutional violation. *See id.*; *United States v. Lindsay*, 931 F.3d 852, 867 (9th Cir. 2019) (finding no constitutional violation where the excluded evidence was of limited probative value and unreliable).

2.      The district court did not plainly err in overruling Gomez's objection to the prosecutor's closing argument. "Plain error is '(1) error, (2) that is plain, and (3) that affects substantial rights.'" *United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir. 2005) (en banc) (quoting *United States v. Cotton*, 535 U.S. 625, 631 (2002)). "If these three conditions of the plain error test are met, an appellate court may exercise its discretion to notice a forfeited error that (4) 'seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *Id.* (quoting *Cotton*, 535 U.S. at 631). Here, the prosecutor referred only to a Border Patrol agent's testimony about Gomez's statements, behavior, and silence before his arrest, and the jury heard no evidence about Gomez's post-arrest silence. Thus, the prosecutor's comments did not suggest that the jury should consider Gomez's post-arrest silence in violation of *Doyle v. Ohio*, 426 U.S. 610 (1976) thereby

3

implicating his substantial rights. *See United States v. Lopez*, 500 F.3d 840, 844 (9th Cir. 2007).[2]

3. However, the district court committed plain error when it relied on a 2005 sentencing transcript without notifying the parties beforehand. Federal Rule of Criminal Procedure 32(i)(1)(C) provides that a district court at sentencing "must allow the parties' attorneys to comment on the probation officer's determinations and other matters relating to an appropriate sentence." We have interpreted Rule 32 to require "that all facts relevant to the defendant's sentence be provided to the defendant for adversarial testing." *United States v. Baldrich*, 471 F.3d 1110, 1114 (9th Cir. 2006); *see United States v. Gray*, 905 F.3d 1145, 1148 (9th Cir. 2018) (per curiam) (finding Rule 32 violation where district court "relied on . . . factual information that had not been disclosed to [defendant] and to which [defendant] had no opportunity to respond before [sic] sentence was imposed"); *United States v. Warr*, 530 F.3d 1152, 1162–63 (9th Cir. 2008) (finding Rule 32 violation where district court relied on a Bureau of Prisons' study when sentencing defendant without "notif[ying] [him] of it before the sentencing hearing"). Considering the district court's extensive reliance on the 2005 sentencing transcript in its adverse

---

[2] Gomez only objected to the prosecutor's statements as "burden shifting"; we therefore review his *Doyle* challenge for plain error. *See Johnson v. United States*, 520 U.S. 461, 466–67 (1997); *United States v. Gonzalez Becerra*, 784 F.3d 514, 518 (9th Cir. 2015).

credibility determination against Gomez, the district court's error "seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." *Ameline*, 409 F.3d at 1078 (internal quotation marks omitted). Accordingly, we vacate Gomez's sentence and remand for resentencing.[3]

**AFFIRMED in part, VACATED in part, and REMANDED**.

---

[3] Because we remand for resentencing, we need not address Gomez's other attacks on his sentence.