**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 15 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>ARMANDO HERNANDEZ-GARCIA,<br><br>Defendant-Appellant. | No. 20-50124<br><br>D.C. No. 3:20-cr-01116-BEN-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted March 4, 2021
Pasadena, California

Before: TALLMAN and CALLAHAN, Circuit Judges, and CHRISTENSEN,[**] District Judge.

Armando Hernandez-Garcia presents two distinct challenges to the district court's imposition of sentence. Specifically, Hernandez-Garcia contends that the district court: (1) failed to order a presentence investigation or otherwise explain

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Dana L. Christensen, United States District Judge for the District of Montana, sitting by designation.

on the record why such an investigation was unnecessary; and (2) relied on outside information without providing it to the parties. Because the parties are familiar with the facts, they are only recounted where necessary to understand our conclusions. We have jurisdiction pursuant to 28 U.S.C. § 1291 and, for the reasons stated below, affirm.

1. Review of Hernandez-Garcia's first claim is foreclosed by the doctrine of invited error. This doctrine "prevents a defendant from complaining of an error that was his own fault" by rendering it "waived and therefore unreviewable." *United States v. Myers*, 804 F.3d 1246, 1254 (9th Cir. 2015) (internal citations omitted). To apply, the defendant must: (1) invite the error; and (2) relinquish a known right. *Id.* Here, both requirements are satisfied.

Without a doubt, Hernandez-Garcia enjoys the right to have a presentence investigation prepared prior to sentencing. Fed. R. Crim. P. 32(c)(1)(A). But he was specifically advised of this right and relinquished it to obtain an expedited sentencing. Accordingly, this "issue vanishes" because "the Rule 32 error, if any, was thus invited." *United States v. Montecalvo*, 545 F.2d 684, 685 (9th Cir. 1976).

2. Hernandez-Garcia's second assignment of error also fails. At sentencing, the district court must "allow the parties' attorneys to comment on . . . matters relating to an appropriate sentence." Fed. R. Crim. P. 32(i)(1)(C). This requires "disclosure of all relevant factual information to the defendant for adversarial

testing," unless such information is merely used to establish "well-known, common sense proposition[s]." *United States v. Warr*, 530 F.3d 1152, 1162–63 (9th Cir. 2008) (internal citations omitted).

Accordingly, a district court violates Rule 32 when it relies on undisclosed information in imposing sentence without affording the defendant an "opportunity to respond before sentence" is imposed. *United States v. Gray*, 905 F.3d 1145, 1148 (9th Cir. 2018). A Rule 32 violation, however, cannot form the basis of appellate relief if it was harmless. *Peguero v. United States*, 526 U.S. 23, 29 (1999) (citing Fed. R. Crim. P. 52(a)). In other words, under Rule 52(a), this Court may only afford relief if the district court's alleged Rule 32 error prejudiced Hernandez-Garcia. *United States v. Olano*, 507 U.S. 725, 734 (1993); *United States v. Minore*, 292 F.3d 1109, 1119 (9th Cir. 2002).

Hernandez-Garcia's Rule 32(i)(1)(C) challenge is three-fold, asserting that the district court improperly relied on information related to: (1) past cases of illegal re-entry by other aliens; (2) COVID-19; and (3) recidivism. As to the first two categories, the Court need not determine whether the district court's ostensible reliance on this outside information violated Rule 32, because any error was harmless.

The district court carefully examined the factors found at 18 U.S.C. § 3553(a) and was clear that the basis for its sentence was Hernandez-Garcia's

criminal history. Consequently, even if the district court considered these undisclosed outside materials, there was no prejudice because the record reveals the sentence imposed would have been the same. In short, any error was harmless.

As to the final category, we are not convinced any Rule 32 error occurred in this instance. To the extent the district court's concerns about Hernandez-Garcia's criminal history were driven by undisclosed information regarding recidivism, such information is precisely the sort of "[g]arden variety considerations . . . [that] should not generally comes as a surprise to trial lawyers who have prepared for sentencing." *Irizarry v. United States*, 553 U.S. 708, 716 (2008) (internal citations omitted). In other words, the district court's supposed reliance on undisclosed outside studies regarding recidivism revealed nothing more than "the well-known, common sense proposition that" prior criminality is a relevant predictor of future criminality. *Warr*, 530 F.3d at 1163. This is insufficient to warrant reversal.

**AFFIRMED.**