**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Benito HERNANDEZ–GONZALEZ, Defendant—Appellant.**

**No. 04–50609.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 17, 2005.*

Decided Jan. 17, 2006.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

* This panel unanimously finds this case suit-

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

MEMORANDUM **

Benito Hernandez–Gonzalez appeals the district court's sentence following revocation of supervised release. Hernandez–Gonzalez argues that his due process rights were violated when the district court imposed a consecutive sentence based, in part, on an allegation in the

able for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

revocation petition which Hernandez–Gonzalez never admitted and on which he never waived his right to a hearing. He also argues that, in imposing a consecutive sentence, the court violated his due process rights by relying on unreliable hearsay evidence. Finally Hernandez–Gonzalez argues that the court violated Fed.R.Crim.P. 32 by failing to resolve a material disputed fact at sentencing. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ The district court did not violate Hernandez–Gonzalez's due process rights or the requirements of Fed.R.Crim.P. 32.1(b)(2)(c) in finding that Hernandez–Gonzalez violated supervised release. The sequence of events at the revocation hearing demonstrates that the court intended to dismiss Allegation 3, thus making a hearing on this allegation unnecessary. Because the court did not rely on Allegation 3 to find that Hernandez–Gonzalez violated supervised release, it did not violate Rule 32.1(b)(2)(c) or Hernandez–Gonzalez's due process rights.

■ Next, Hernandez–Gonzalez argues that the district court violated his due process rights when, in determining that a consecutive sentence was warranted, it relied on his May 22, 2004 arrest for driving under the influence (DUI). Hernandez–Gonzalez stresses that, at the time of sentencing, he had not been convicted of the DUI charge and that he disputed it. Because the district court did not rely on this charge to revoke supervised release, the court did not resolve the factual dispute surrounding Hernandez–Gonzalez's DUI arrest. We review this claim for plain error because Hernandez–Gonzalez did not raise this objection at the time of sentencing.

■ Even assuming that the district court erred in relying on Hernandez–Gonzalez's 2004 DUI arrest, there was no plain error. It is clear from the record that the court considered reliable factual information from the original pre-sentence report and the probation officer's October 29, 2004 and November 2, 2004 sentencing letters that, alone, would have been sufficient to warrant a consecutive sentence.

■ Finally, the district court did not err by failing to comply with Rule 32(i)(3)(B) when, before imposing the sentence, it relied, in part, on the probation officer's sentencing letters that contained references to the 2004 DUI arrest. Rule 32(i) does not apply to post-sentencing reports, *United States v. Freeny*, 841 F.2d 1000, 1002 (9th Cir.1988), and thus does not apply to supervised release revocation proceedings.

**AFFIRMED.**