[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13019
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 14, 2011
JOHN LEY
CLERK

D.C. Docket No. 5:07-cr-00024-HL-CWH-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHRISTOPHER JACKSON,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(March 14, 2011)

Before HULL, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

The prior opinion of the panel is vacated and the following opinion is issued

in its place:

Christopher Jackson pleaded guilty to violating 18 U.S.C. §§ 371, 545, and 2320(a) and was sentenced to 30 months' imprisonment to be followed by 3 years of supervised release. After he was released from prison, Jackson violated several conditions of his supervised release. Jackson failed to comply with the orders of his probation officer, admitted to smoking marijuana, and made threats to an official at the Georgia Department of Revenue and his probation officer. Based on these violations, the probation office petitioned the district court to revoke Jackson's supervised release. At the revocation hearing Jackson stipulated to the violations and explained that the more serious violations–his threats against state and federal officers–were the result of his anger management problems. The district court revoked Jackson's supervised release and remanded him to prison for a term of 21 months. Jackson appeals from the revocation and argues that the district court erred by not verifying that he and his counsel had read and discussed the probation office's revocation report and that his term of imprisonment is substantively unreasonable.

I.

We review a term of imprisonment imposed following revocation for reasonableness. *United States v. Sweeting*, 437 F.3d 1105, 1106–07 (11th Cir.

2006).  We first look to whether the district court committed any significant procedural error.  *United States v. Pugh*, 515 F.3d 1179, 1190 (11th Cir. 2008).  We then examine the substantive reasonableness of the term of imprisonment.  *Id.*

## II.

Jackson argues that his "sentence" is procedurally unreasonable because the district court erred by not verifying that he and his counsel had read and discussed the probation office's revocation report.[1]  The crux of Jackson's argument is this: the Federal Rule of Criminal Procedure that governs an initial sentencing also applies to supervised-release-revocation hearings.  We disagree.

Rule 32, which governs sentencing procedure, requires that the probation office create a presentence report and, at sentencing, a district court must verify that the defendant and his counsel have read and discussed that report.  Fed. R. Crim. P. 32.  Rule 32.1—the rule of criminal procedure that governs revocation hearings—does not require that the district court verify that the defendant and his counsel review the probation officer's revocation report.  Indeed, it does not even require that the probation office produce such a report.  Fed. R. Crim. P. 32.1

---

[1]  Because Jackson raises this argument for the first time on appeal, we review for plain error.  *United States v. Aguillard*, 217 F.3d 1319, 1320 (11th Cir. 2000).  To prevail, Jackson must establish (1) that there was error; (2) that it was plain; and (2) that it affected his substantial rights.  *Id.*

3

It is clear from the language of Rule 32 that it does not apply to revocation hearings. When a defendant is imprisoned upon revocation of supervised release, he is still serving part of his original sentence. *Cf. United States v. Woods*, 127 F.3d 990, 993 (11th Cir. 1997) (holding that revocation of probation is part of defendant's original sentence). What Rule 32 requires is that, at *sentencing*, the district judge verify that the defendant and his lawyer have reviewed and discussed the *pre*sentence report. Because supervised release is part of a defendant's original sentence, a revocation hearing occurs after sentencing. Furthermore, because a revocation hearing occurs after sentencing, a revocation report cannot be a presentence report. Rule 32(i)(1)(A) does not apply to revocation hearings. And we can find no support for transplanting Rule 32's requirements to revocation hearings held under Rule 32.1. Accordingly, the district court did not err.

## III.

Jackson also argues that the term of imprisonment imposed by the court following revocation was substantively unreasonable. Whether a term of imprisonment is substantively unreasonable is essentially a question whether the district court abused its discretion. *Pugh*, 515 F.3d at 1179. Although we do not presume that a term of imprisonment, like this one, that is within the properly calculated guidelines range is reasonable, we ordinarily expect that is the case.

4

*United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). But even if a term of imprisonment is within the guidelines, it must also, considering the totality of the circumstances, achieve the purposes of 18 U.S.C. § 3553(a).[2] *Gall v. United States*, 552 U.S. 38, 51 (2007); *Pugh*, 515 F.3d at 1191. The party challenging a sentence bears the burden of establishing its unreasonableness. *Pugh*, 515 F.3d at 1189.

Jackson argues that the sentence is unreasonable because it fails to account for or to address the root of his problems—his inability to control his anger. Jackson suggests that a more lenient sentence would help alleviate his anger management problem or that, in any case, the district court should have imposed a condition that he receive anger management treatment.

At the revocation hearing, the district judge considered and addressed Jackson's arguments about his anger management problem. Jackson does not

---

[2] The purposes of § 3553(a) are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

18 U.S.C. § 3553(a).

offer any explanation how a lesser term of imprisonment would address his anger management problem.  And he has not established that the district court's revocation order has denied him the ability to participate in anger management programs during his incarceration.  Accordingly, we conclude that the district court did not abuse its discretion in revoking Jackson's supervised release and imposing a 21-month term of imprisonment.

Because we conclude that the district court committed no procedural error and that it did not abuse its discretion, we affirm.

**AFFIRMED.**