# United States Court of Appeals
## For the First Circuit

No. 14-1793

UNITED STATES OF AMERICA,

Appellee,

v.

LUIS CIRILO,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

Before

Torruella, Kayatta, and Barron,
Circuit Judges.

Robert Herrick on brief for appellant.
Rosa Emilia Rodríguez-Vélez, United States Attorney, with
whom Nelson Pérez-Sosa, Assistant United States Attorney, Chief,
Appellate Division, and Susan Jorgensen, Assistant United States
Attorney, were on brief for appellee.

September 24, 2015

**BARRON**, <u>Circuit Judge</u>.    In this appeal, defendant Luis Cirilo challenges the sentence he received for one count of unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(8).    Cirilo contends that the District Court erred by imposing a sentence based on disputed facts in the presentence report.    He also argues that the District Court's factual determinations were clearly erroneous.    Because we find no error, we affirm the judgment of the District Court.

## I.

Cirilo entered into a plea agreement with the government on one count of unlawful firearm possession.    The plea agreement set forth sentencing recommendations but stipulated that the judge was not bound by them.    The agreement stipulated that the firearm offense carried a base offense level of 20, <u>see</u> U.S.S.G. § 2K2.1(a)(4), and that the defendant was eligible for a three-level deduction based upon his acceptance of responsibility, <u>see</u> U.S.S.G. § 3E1.1.    The government agreed to recommend a sentence at the lower end of the "applicable guidelines range."    A section of the plea agreement titled "Applicability of United States Sentencing Guidelines" included a table of potential sentencing ranges based on various criminal history categories and a total offense level of 17.    With a criminal history category of I, as Cirilo ultimately had, and a total offense level of 17, the

applicable sentencing range specified in the plea agreement was 24 to 30 months.

At the sentencing hearing, the District Court adopted the presentence report's recommendation, which was based on a different guidelines calculation than that in the plea agreement. The presentence report recounted, as part of the description of the offense conduct, that Cirilo was arrested after police witnessed him fleeing the scene of an attempted burglary with four other individuals, all of whom were dressed in bullet proof jackets with "POLICE" patches. Based on that conduct, the presentence report stated that Cirilo qualified for a four-level enhancement, pursuant to U.S.S.G. § 2K2.1(b)(6)(B), for possessing the firearm during the commission of an attempted burglary. The presentence report also stated that Cirilo qualified for an upward departure under U.S.S.G. § 5K2.24 because the defendant wore or displayed an official insignia or uniform during the commission of the offense. The presentence report ultimately recommended a guidelines sentencing range of 37 to 46 months. The government nonetheless recommended a sentence at the lower end of the applicable guidelines range set out in the plea agreement (i.e., 24 months).

The District Court imposed a 60-month term of imprisonment. Cirilo now appeals.

Cirilo first argues that the District Court erred by relying on disputed facts in the presentence report to calculate the advisory sentencing range under the Sentencing Guidelines. Cirilo's claim rests on Federal Rule of Criminal Procedure 32, which provides that a court, at sentencing, "must -- for any disputed portion of the presentence report or other controverted matter -- rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." Fed. R. Crim. P. 32(i)(3)(B).

But, under Rule 32, facts must be "sufficiently 'controverted' to trigger the sentencing court's fact-finding duty." United States v. McGee, 529 F.3d 691, 700 (6th Cir. 2008) (quoting United States v. Hurst, 228 F.3d 751, 760 (6th Cir. 2000)); see also United States v. González, 736 F.3d 40, 42-43 (1st Cir. 2013). Where "a defendant's objections to a presentence investigation report are wholly conclusory and unsupported by countervailing evidence, the sentencing court is entitled to rely on the facts set forth in the presentence investigation report." United States v. Jones, 778 F.3d 375, 386 n.4 (1st Cir. 2015) (citing United States v. Cyr, 337 F.3d 96, 100 (1st Cir. 2003)).

Here, Cirilo's objections did not controvert the facts in the presentence report. In a written objection to the

presentence report, defense counsel did object to the inclusion of particular paragraphs recounting the attempted burglary on the ground that "this is not what Mr. Cirilo pled guilty to." The defense counsel's written objection to the report also challenged the corresponding guideline calculations on the ground that they "do not reflect the conduct Mr. Cirilo accepted responsibility for." Those paragraphs provided the factual basis for the four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) and the grounds for a departure under U.S.S.G. § 5K2.24. In pressing that objection, however, defense counsel seemed to object to the use of facts outside of the plea agreement for sentencing purposes, and the probation office responded to this objection by clarifying that "the [o]ffense [c]onduct in the presentence investigation report is not necessarily limited to the facts agreed to by the parties in a plea agreement or stipulation." At no point did defense counsel directly or specifically challenge any of the facts about the burglary that the report recounted.

The limited nature of Cirilo's objections to the report became even more apparent at the sentencing hearing. There, defense counsel again objected that "in the plea agreement, [Cirilo] signed a stipulation of fact that does not include any relationship to any other commission of any other crime." And when the court started to respond to the objection, the defense counsel conceded that the probation officer could gather other

information from beyond the plea agreement.  At no point in this exchange did the defense counsel say anything to challenge the substance of the factual allegations contained in the report.

Soon thereafter, moreover, the probation officer offered an account of the burglary.  But in response, defense counsel stated only -- in an implicit admission -- that "[w]e just want to clarify for the record that he was not found wearing a police vest. He was in a car that had a police vest inside the car.  He was not found wearing it."  In other words, the one comment on the substance of the allegations in the report that the defense counsel did make did not contradict the facts in the report on which the District Court based the sentence.[1]

Thus, although Cirilo contends that he raised a factual dispute about the presentence report's account of the attempted

---

[1] Cirilo's reply brief suggests that the government understated his sentencing exposure in negotiating the plea agreement.  But at his change-of-plea hearing, Cirilo was asked, and indicated he understood, that the plea agreement's sentencing recommendation was not binding on the District Court.  A district court is not required to follow the United States Attorney's sentencing recommendation in a non-binding plea agreement.  See United States v. Jiménez-Otero, 898 F.2d 813, 815 (1st Cir. 1990) ("[T]he law is clear that, where a non-binding plea agreement is struck, the district court is constrained neither by the United States Attorney's sentencing recommendation nor by stipulations of fact accompanying the plea contract." (citations omitted)).  To the extent that Cirilo suggests that the government was employing a "negotiating tactic" that so impaired the fairness of the plea process as to warrant re-sentencing, we deem the argument waived for lack of development.  See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

burglary, the record shows that he did not. The District Court therefore committed no error in relying on the presentence report's facts about the attempted burglary. See Fed. R. Crim. P. 32(i)(3)(A) ("At sentencing, the court . . . may accept any undisputed portion of the presentence report as a finding of fact."); see also, e.g., United States v. Meléndez, 279 F.3d 16, 18 (1st Cir. 2002) ("[Defendant's] objection . . . was not an objection to the factual accuracy of the information contained therein but to its inclusion in the report."); United States v. García, 954 F.2d 12, 19 (1st Cir. 1992) ("By couching his objections to the [presentence report] exclusively as interpretations of the facts, not as challenges to the underlying facts themselves, the [defendant] effectively obviated any need for an evidentiary hearing.").

In a related challenge, Cirilo also argues that the District Court clearly erred in finding that he had committed the possession offense during the commission of another felony, see U.S.S.G. § 2K2.1(b)(6)(B), and that he had committed those offenses while wearing an official uniform, see U.S.S.G. § 5K2.24. But Cirilo's argument is in fact just a reprise of the Rule 32 argument we have just rejected.

Cirilo's sole ground for asserting that the District Court's factual findings were clearly erroneous is that the presentence report's allegations could not supply the factual

basis for the findings.  But, as we have just explained, Cirilo did not actually contest the substance of the factual allegations. And because in such circumstance, "a sentencing court may consider facts contained in the [presentence report] as reliable evidence," the District Court was entitled to rely on the report's account. United States v. López, 299 F.3d 84, 88 (1st Cir. 2002) (quoting United States v. Cruz, 120 F.3d 1, 2 (1st Cir. 1997)).  Thus, the record supports these findings, as Cirilo provides no reason for us to conclude otherwise.

### III.

The judgment of the District Court is thus affirmed.