**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

JOHN FITZGERALD DANIELS,
*Defendant-Appellant*.

No. 13-50331

D.C. No.
2:90-cr-00652-SVW-5

OPINION

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted
June 6, 2014—Pasadena, California

Filed July 23, 2014

Before: Ronald M. Gould and N.R. Smith, Circuit Judges,
and Edward R. Korman, Senior District Judge.[*]

Opinion by Judge Gould

---

[*] The Honorable Edward R. Korman, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

## SUMMARY[**]

---

### Criminal Law

Vacating a sentence imposed after revocation of supervised release and remanding for resentencing, the panel held that Fed. R. Crim. P. 32.1(b)(2)(E) requires a court to address a supervised releasee personally to ask if he wants to speak before the court imposes a post-revocation sentence, and that a district court that does not offer a supervised releasee the chance to exercise that right commits plain error.

---

### COUNSEL

K. Elizabeth Dahlstrom (argued), Deputy Federal Public Defender, Santa Ana, California; Sean K. Kennedy, Federal Public Defender; Brianna Fuller Mircheff, Deputy Federal Public Defender, Los Angeles, California, for Defendant-Appellant.

Mónica M. Ramírez (argued), Assistant United States Attorney; André Birotte, Jr., United States Attorney; Robert E. Dugdale, Assistant United States Attorney, Los Angeles, California, for Plaintiff-Appellee.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## OPINION

GOULD, Circuit Judge:

Defendant-Appellant John Fitzgerald Daniels ("Daniels") appeals a 40-month sentence imposed by the district court after revocation of his supervised release. Daniels contends that the district court violated Federal Rule of Criminal Procedure 32.1(b)(2)(E) when it did not affirmatively offer him an opportunity to allocute before imposing its sentence. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and we vacate and remand for resentencing.

## I

In February 1991, Daniels was sentenced to 20 years in federal prison, to be followed by 10 years of supervised release, after pleading guilty to possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841. He served more than 17 years of his sentence before being released in June 2008, when his term of supervised release began.[1]

In October 2012, Los Angeles police officers pulled over a vehicle driven by Daniels. During a search, the officers found marijuana, drug trafficking paraphernalia such as plastic bags and digital scales, and other indicia of drug trafficking including cell phones and cash. Daniels admitted to the arresting officers that he was driving on a suspended license and that he sold small quantities of marijuana "to make extra cash from time to time." Daniels faced charges

---

[1] The conditions of Daniels' supervised release were twice modified—first in August 2010, and again in October 2012.

for (1) being a convicted felon in possession of a firearm, *see* Cal. Penal Code § 29900(a)(1); (2) transporting marijuana, *see* Cal. Health & Safety Code § 11360(a); (3) possessing marijuana for sale, *see id.* § 11359; and (4) driving a motor vehicle when his driving privilege was suspended or revoked, *see* Cal. Veh. Code § 14601.1(a).[2]

On February 4, 2013, the United States Probation Office filed a petition in the district court to revoke Daniels' supervised release based on allegations (1) through (4) above, as well as his failure to complete a court-ordered residential recovery program ("allegation (5)"). Daniels admitted allegations (1), (2), and (5), but denied allegations (3) and (4). At a July 15, 2013, evidentiary hearing, the district court found that the Government had established allegations (3) and (4) by clear and convincing evidence, and sentenced Daniels to 40 months imprisonment and 20 months of supervised release "under the same terms and conditions previously imposed." To justify its sentence, the district court reasoned that it had considered factors other than the Sentencing Guidelines, including "the defendant's history, the need for deterrence and, of course, respect for the law and the fact that these crimes were committed while he was on supervised release, and there was a series of crimes, and in order to justly punish and uphold the respect for law." Daniels did not ask to speak before sentencing, and the district court did not affirmatively tell him that he could speak. This appeal followed.

---

[2] Daniels pleaded guilty to charges (1) and (2) in California state court on January 28, 2013.

## II

Daniels and the Government disagree about the appropriate standard of review on Daniels' claim that the district court violated Rule 32.1. We generally review *de novo* a district court's compliance with the Federal Rules of Criminal Procedure. *See United States v. Pineda-Doval*, 614 F.3d 1019, 1040 (9th Cir. 2010). There is no dispute, however, that Daniels did not contemporaneously object to the district court's failure affirmatively to offer him a chance to allocute before sentencing.

Where a defendant raises a particular objection to his sentence for the first time on appeal, our review is usually for plain error. *See United States v. Gonzalez-Aparicio*, 663 F.3d 419, 426 (9th Cir. 2011) (applying "the well-established plain error standard of review with respect to alleged sentencing errors not raised below"); *United States v. Waknine*, 543 F.3d 546, 551 (9th Cir. 2008) (reviewing for plain error a defendant's sentencing objections raised for the first time on appeal). And yet, Daniels contends that our precedent commands a harmless error analysis in denial-of-allocution cases—even in revocation sentencing proceedings, and even where the objection was not raised below. *See United States v. Carper*, 24 F.3d 1157, 1162 (9th Cir. 1994) ("We review the district court's failure to afford appellant his right of allocution for harmless error."); *see also United States v. Gunning*, 401 F.3d 1145, 1147 (9th Cir. 2005) (same). The Government acknowledges that we have in the past reviewed such cases for harmless error, but contends that intervening Supreme Court decisions clarifying the broad scope of plain error review require us now to apply that standard. *See United States v. Marcus*, 560 U.S. 258 (2010); *Puckett v. United States*, 556 U.S. 129 (2009).

Because we conclude that Daniels would prevail under either standard, we need not resolve that question here. *See United States v. Young*, 470 U.S. 1, 16 n.14 (1985) (clarifying that a plain error is, by definition, not harmless, and that there can be no "harmless plain errors"). For purposes of this appeal, then, we assume without deciding that plain error review applies.

A plain error is one "that affects substantial rights." Fed. R. Crim. P. 52(b). To establish that the district court's Rule 32.1 error was plain, Daniels must "show that the district court made (1) an error (2) that was clear or obvious, (3) that affected substantial rights, and (4) that seriously affected the fairness, integrity or public reputation of judicial proceedings." *United States v. Castillo-Marin*, 684 F.3d 914, 918 (9th Cir. 2012). Any error affected Daniels' substantial rights only if it was "prejudicial" and "affected the outcome of the district court proceedings." *United States v. Olano*, 507 U.S. 725, 734 (1993).

## III

The Federal Rules of Criminal Procedure require a court, before imposing its sentence, to "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence." Fed. R. Crim. P. 32(i)(4)(A)(ii). In *United States v. Carper*, we held that this requirement applies with equal force "to sentencing after revocation of supervised release when the district court imposes a new sentence based on conduct that occurred

during supervised release." 24 F.3d at 1162.[3]  But *Carper* was decided in 1994, when Rule 32.1 by its terms gave supervised releasees facing revocation no more than "an opportunity to appear and to present evidence in [their] behalf." Fed. R. Crim. P. 32.1(a)(2)(C) (1994).  In 2005, Rule 32.1 was amended to give supervised releasees "an opportunity to make a statement and present any information in mitigation" at their revocation proceedings.  *Id.* R. 32.1(b)(2)(E) (2006).  That language is in force today. *See id.* R. 32.1(b)(2)(E).    The advisory committee note accompanying the 2005 amendment clarifies that "[t]he amended rule recognizes the importance of allocution," and states that "the court is required to give the defendant the opportunity to make a statement and present any mitigating information." *Id.* R. 32.1 advisory committee's note (2005 amend.).  And in 2007, we said that "sentencing procedures for probation and supervised release violations are primarily governed by Rule 32.1 of the Federal Rules of Criminal Procedure, not Rule 32." *United States v. Leonard*, 483 F.3d 635, 638–39 (9th Cir. 2007).

Daniels contends that the district court violated Rule 32.1(b)(2)(E) when it did not affirmatively offer him an opportunity to allocute before imposing its sentence.  The Government, on the other hand, acknowledges that the district court did not personally ask Daniels whether he wanted to speak before sentencing him, but argues that Rule 32.1(b)(2)(E) does not mandate "a personal invitation to speak before the imposition of a sentence."  Rather, the Government suggests, the Rule's allocution provision is

---

[3] The version of the Rule to which we referred in *Carper*—Rule 32(a)(1)(C)—has since become Rule 32(i)(4)(A)(ii).  The meaning of the two versions, however, is substantially the same.

passive; it "requires only an opportunity to make a statement and present any information in mitigation during the revocation hearing."[4]   The Government's position is, in essence, that a court should honor a supervised releasee's request to allocute, but need not tell him of his right to do so before imposing its sentence.

The Government misreads the Rule.   The 2005 amendment to Rule 32.1 did not detract from our holding in *Carper* that a district court errs "by failing to address [a supervised releasee] personally to determine if he wishe[s] to speak on his own behalf before imposing sentence." 24 F.3d at 1162.   The drafters of the Federal Rules of Criminal Procedure intended for Rule 32.1(b)(2)(E) to require courts "to give the defendant the opportunity to make a statement and present any mitigating information." Fed. R. Crim. P. 32.1 advisory committee's note (2005 amend.).

Allocution by a supervised releasee gives the court more information on which to base its sentence.  It also encourages the supervised releasee to participate in post-revocation sentencing, enhancing his dignity.  As one commentator has said, "allocution provides offenders the opportunity to contest any disputed factual bases for sentencing and persuade the judge to choose a favored sentence alternative." Arthur W. Campbell, *Law of Sentencing* § 9:18 (2013).   Indeed, allocution "'is much more than an empty ritual: it represents

---

**4** According to the Government, "[i]t does not matter . . . that the district court did not address [Daniels] personally and invite him to speak before imposing sentence."     Because the district court did afford Daniels—through his counsel—multiple opportunities to speak before sentencing, the Government's theory runs, the district court did not violate Rule 32.1.

a defendant's last opportunity to plead his case or express remorse.'" *Id.* (quoting *State v. Green*, 738 N.E.2d 1208, 1221 (Ohio 2000)). We hold that Rule 32.1(b)(2)(E) requires a court to address a supervised releasee personally to ask if he wants to speak before the court imposes a post-revocation sentence.

In so holding, we reject the Government's suggestion that Rule 32.1 requires only that a supervised releasee's lawyer may speak before imposition of sentence. Such a narrow reading would stand in stark contrast to our precedent under Rule 32, *see United States v. Navarro-Flores*, 628 F.2d 1178, 1184 (9th Cir. 1980) (noting that Rule 32 "is not complied with when the sentencing judge affords only to counsel the opportunity to speak"), and would do nothing to further the interests of justice or the dignity of the individual who is being sentenced.

We also reject the Government's contention that the district court satisfied its obligations under Rule 32.1 when it sentenced Daniels. Nothing in the record resembles the kind of personal invitation that Rule 32.1 commands. The Government alludes to the district court's colloquy with Daniels' counsel, citing it as evidence that Daniels had an opportunity to make a statement and to present mitigating information before he was sentenced. That Daniels' counsel was able to argue for his client, however, is an inadequate substitute for Daniels' right to allocute on behalf of himself. *See Green v. United States*, 365 U.S. 301, 304 (1961) ("The most persuasive counsel may not be able to speak for a defendant as the defendant might, with halting eloquence, speak for himself.").

Our holding confirms our statement in *United States v. Whitlock*, 639 F.3d 935 (9th Cir 2011), that the 2005 amendment to Rule 32.1 "effectively codif[ied] the holding in *Carper* by explicitly enumerating the right to allocution at supervised release revocation sentencing hearings," *id.* at 940. And it comports with the views of our sister circuits that have addressed this issue since 2005. *See, e.g.*, *United States v. Gonzalez*, 529 F.3d 94, 97 (2d Cir. 2008) ("This right of presentence allocution applies to sentences imposed for revocation of supervised release."); *United States v. Carruth*, 528 F.3d 845, 847 (11th Cir. 2008) (per curiam) ("[T]he right to allocute under Rule 32.1 is clearly not substantively different from the right to allocute under Rule 32. . . . The court must personally extend to the defendant the right of allocution."); *United States v. Pitre*, 504 F.3d 657, 661–62 (7th Cir. 2007) ("Rule 32.1 requires a district court to ask the defendant if she wishes to make a statement for the court to consider before imposing a term of reimprisonment following revocation of supervised release."); *cf. United States v. Robertson*, 537 F.3d 859, 862 (8th Cir. 2008) (questioning the reasoning of *United States v. Carruth* and *United States v. Pitre*, but assuming without deciding that Rule 32.1 "at least requires the district court . . . to address the defendant personally and make it clear he has a right to make a statement and present any information in mitigation" (internal quotation marks omitted)).

## IV

The district court erred when it did not personally address Daniels to inquire whether he wished to speak before sentencing. To show that this error was plain, Daniels must demonstrate that it (1) was "clear or obvious"; (2) "affected substantial rights"; and (3) "seriously affected the fairness,

integrity or public reputation of judicial proceedings." *Castillo-Marin*, 684 F.3d at 918.

We recognize that Rule 32.1's allocution provision does not mirror its Rule 32 counterpart. *Compare* Fed. R. Crim. P. 32.1(b)(2)(E) (stating that a supervised releasee is entitled to "an opportunity to make a statement and present any information in mitigation"), *with id.* R. 32(i)(4)(A)(ii) (requiring a sentencing court to "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence"). Nonetheless, we conclude that the district court's error was "clear or obvious." *See Castillo-Marin*, 684 F.3d at 918. We do so because the plain language of Rule 32.1—and particularly of the advisory committee note accompanying the 2005 amendment to that Rule—makes clear that, despite the linguistic differences between Rules 32 and 32.1, a court engaging in post-revocation sentencing must personally address a supervised releasee to ask if he wants to speak before sentencing. *See* Fed. R. Crim. P. 32.1 advisory committee's note (2005 amend.) ("[T]he court is required to give the defendant the opportunity to make a statement and present any mitigating information.").

An error affects substantial rights only if it was "prejudicial" and "affected the outcome of the district court proceedings." *Olano*, 507 U.S. at 734. In the sentencing context, we have held that "when a plain error may have led to a sentence that was . . . longer than necessary . . . that error affects substantial rights." *United States v. Joseph*, 716 F.3d 1273, 1280 (9th Cir. 2013) (internal quotation marks omitted). More specifically, our denial-of-allocution precedent is "quite clear: when a district court *could have* lowered a defendant's sentence, we have presumed prejudice

and remanded, even if we doubted that the district court *would have* done so." *Gunning*, 401 F.3d at 1149 (collecting cases).

Daniels argues that because the district court had discretion to sentence him to a term of fewer than 40 months, its failure to offer him a personal invitation to allocute before sentencing was prejudicial. The Government, by contrast, suggests that "remand would be pointless" because (1) there is no indication that Daniels "would have even availed himself of an invitation to orally supplement his defense counsel's statements and argument had the district court offered one," and (2) Daniels cannot show "that the district court would have given him a lighter sentence if he actually had supplemented defense counsel's statements and argument." Indeed, the Government theorizes that "nothing that [Daniels] might have said during an oral allocution would have been likely to motivate the court to impose an even shorter sentence."

That argument is pure conjecture. But even if it were true, it would not be controlling. The district court had "discretion to impose a sentence shorter than the one it selected." *Carper*, 24 F.3d at 1162. It could have sentenced Daniels to a term of fewer than 40 months. The Government's speculative suggestion that the district court would not have further reduced Daniels' sentence even if it had heard directly from him, then, is beside the point. The district court's denial of Daniels' right to allocute was "prejudicial" and "affected the outcome of the . . . proceedings," *Olano*, 507 U.S. at 734, precisely because the district court *could have* imposed a more lenient sentence after hearing Daniels speak, *see Gunning*, 401 F.3d at 1149.

In our view, the district court's plain error affected Daniels' substantial rights.  *See Joseph*, 716 F.3d at 1280.

"In exercising the right to allocution, a defendant has the right to fully present all available accurate information bearing on mitigation of punishment, and the district court has a duty to listen and give careful and serious consideration to such information."  *United States v. Mack*, 200 F.3d 653, 658 (9th Cir. 2000).  Daniels was denied this right—and the district court did not fulfill its duty—when Daniels was not told of his right to speak before sentencing.

We do not know what Daniels might have said if the district court had offered him a chance to speak before imposing its sentence.  But whether he would have said something to elicit a lower sentence is of no moment.  *See United States v. Medrano*, 5 F.3d 1214, 1219 (9th Cir. 1993).  The right to allocute, and to be told that allocution is an option, is both important to the person being sentenced and fundamental to our criminal justice system.  Supervised releasees—like criminal defendants—have an absolute right to speak before the penalty imposed by law is handed down.  A district court that does not offer a supervised releasee the chance to exercise that right commits plain error.

We vacate Daniels' sentence and remand to the district court for proceedings consistent with our opinion.[5]

**VACATED and REMANDED.**

---

[5] Because we vacate and remand Daniels' sentence based on the district court's violation of Rule 32.1(b)(2)(E), we need not reach Daniels' alternative argument that the district court committed procedural error.