FILED

DEC 16 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 13-10600 |
| Plaintiff - Appellee, | 13-10601 |
| v. | D.C. Nos. 4:10-cr-00631-JGZ |
| | 4:13-cr-00167-JGZ |
| JUAN DE DIOS BURGOS-MUNGUIA, a.k.a. Juan de Dios Burgos-Monguia, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Timothy M. Burgess, District Judge, Presiding[**]

Submitted December 9, 2014[***]

Before:     WALLACE, LEAVY, and BYBEE, Circuit Judges.

In these consolidated appeals, Juan de Dios Burgos-Munguia appeals from

the district court judgments and challenges his guilty-plea conviction and 36-

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Timothy M. Burgess, United States District Judge for the District of Alaska, sitting by designation.

[***]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

month sentence for reentry after deportation, in violation of 8 U.S.C. § 1326, and his revocation of supervised release and four-month sentence imposed upon revocation. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), Burgos-Munguia's counsel has filed a brief stating that there are no grounds for relief, along with a motion to withdraw as counsel of record.

Our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80 (1988), discloses no arguable grounds for relief on direct appeal with respect to the revocation of supervised release or the conviction. We, therefore, affirm the revocation of Burgos-Munguia's supervised release in Appeal No. 13-10600, and his conviction in Appeal No. 13-10601.

The district court, in a consolidated sentencing proceeding, failed to address Burgos-Munguia personally to ask if he wanted to speak before sentencing. *See* Fed. R. Crim. P. 32(i)(4)(A)(ii), 32.1(b)(2)(E). Because the court could have imposed a lower sentence than the one it imposed, this omission was plain error. *See United States v. Daniels*, 760 F.3d 920, 925-26 (9th Cir. 2014). Accordingly, we vacate and remand for resentencing in both appeals.

Counsel's motion to withdraw is denied without prejudice to renewal in the district court if counsel does not wish to represent Burgos-Munguia at his resentencing.

**Appeal No. 13-10600:  AFFIRMED in part; SENTENCE VACATED and REMANDED**.

**Appeal No. 13-10601:  AFFIRMED in part; SENTENCE VACATED and REMANDED.**