FILED

**NOT FOR PUBLICATION**

JAN 23 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50558 |
| Plaintiff - Appellee, | |
| v. | D.C. No. 3:10-cr-01023-BEN-1 |
| MARCOS SANCHEZ-VENEGAS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted
November 21, 2014—Pasadena, California

Before: PAEZ and KLEINFELD, Circuit Judges, and CHRISTENSEN,

District Judge.[**]

Defendant Marcos Sanchez-Venegas appeals his sentence upon revocation

of supervised release. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Sanchez-Venegas contends that the district court violated his right of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Dana L. Christensen, Chief District Judge for the U.S.
District Court for the District of Montana, sitting by designation.

allocution and constitutional rights to effective assistance of counsel and due process when it threatened to impose the statutory maximum sentence if defense counsel continued to advocate for a lower sentence. The district court ultimately imposed the sentence it tentatively announced prior to threatening Sanchez-Venegas with a greater sentence. Sanchez-Venegas did not object at the time of sentencing, but the nature of the district court's comments constitutes "exceptional circumstances," and so we review the legality of the sentence de novo. *United States v. Echavarria-Escobar*, 270 F.3d 1265, 1267-68 (9th Cir. 2001).

The district court's limitation on defense counsel's argument at sentencing does not amount to a violation of due process or Sanchez-Venegas's right to effective assistance of counsel. *See Herring v. New York*, 422 U.S. 853, 862-863 (1975). Sanchez-Venegas was also given the opportunity to allocute. Sanchez-Venegas's allocution was uninterrupted, and the district court specifically addressed Sanchez-Venegas's allocution before imposing the sentence. The district court's comments did not deprive Sanchez-Venegas of the right of allocution. *United States v. Daniels*, 760 F.3d 920, 924 (9th Cir. 2014).

**AFFIRMED.**