MURPHY, Circuit Judge,
concurring.
While I concur in the court’s opinion, I write separately because I believe it is better practice for a sentencing judge to make it clear to the defendant that he or she has a personal opportunity to make a statement before the imposition of a sentence. Five .circuits have adopted such a rule for supervised release sentencing proceedings, reasoning that Federal Rule of Criminal Procedure 32.1(b)(2)(E) “requires a court to address a supervised releasee personally to ask if he wants to speak before the court imposes a post-revocation sentence.” United States v. Daniels, 760 F.3d 920, 924 (9th Cir.2014); see United States v. Gonzalez, 529 F.3d 94, 97 (2d Cir.2008); United States v. Carruth, 528 F.3d 845, 846-47 (11th Cir.2008) (per curiam); United States v. Pitre, 504 F.3d 657, 662 (7th Cir.2007).
When a judge addresses a defendant personally and asks if he or she has anything to say before the court acts, that individual is given a clear opportunity to speak. Not only is it a better practice, to provide such an opportunity, but experience shows that such a statement can occasionally make a difference in the actual judgment pronounced as opposed to a ten *1008 tative sentence prepared in advance of the hearing. Such an opportunity to speak “enhances a defendant’s] dignity” and “provides offenders the opportunity to contest any disputed factual bases for sentencing and persuade the judge to choose a favored sentence alternative.” Daniels, 760 F.3d at 924 (quotation omitted). A statement by the defendant can provide a sentencing judge “more information on which to base its sentence,” id., as well as clarify the issues which the district court may want to address. Moreover, such a practice can also aid in review of a sentence on appeal.
Since Fleetwood has not shown plain error in this case, however, I agree that the judgment of the district court should be affirmed.