**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 30 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10105 |
| Plaintiff - Appellee, | D.C. No. 1:11-cr-00503-JMS-3 |
| v. | |
| PILIALOHA K. TEVES, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, District Judge, Presiding

Argued and Submitted October 15, 2015
Honolulu, Hawaii

Before: O'SCANNLAIN, TALLMAN, and M. SMITH, Circuit Judges.

Pilialoha K. Teves appeals the district court's denial of Teves's motion for a

mistrial after several jurors observed screaming protestors outside the courthouse

and the imprint of the word "guilty" on a juror's recycled notebook.  In addition,

Teves appeals the district court's entry of a forfeiture order that requires Teves to

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

forfeit a personal money judgment and specific property. We affirm the district court's judgment in all respects.

**1.** Both jury incidents at Teves's trial were ex parte contacts. Ex parte contacts "do 'not pertain to any fact in controversy or any law applicable to the case.'" *United States v. Rosenthal*, 454 F.3d 943, 949 (9th Cir. 2006) (citation omitted). The record supports the conclusion that the jury protest outside of the courthouse never mentioned the parties or any specifics of the case. Similarly, the "guilty" indentation on a juror's notebook did not bear on any substantive matter before the jury but was from "some other juror or some other time."

In cases involving ex parte contacts, a defendant receives a new trial only if the court finds "'actual prejudice' to the defendant." *Sea Hawk Seafoods, Inc. v. Alyeska Pipeline Serv. Co.*, 206 F.3d 900, 906 (9th Cir. 2000) (citation omitted). After conducting individual voir dire with each affected juror, the district court found no such prejudice. We review for clear error the court's factual findings, *id.* at 911 n.19, and accord "substantial weight" to the district court's ultimate determination that the jurors could remain fair and impartial, *see United States v. Madrid*, 842 F.2d 1090, 1092 (9th Cir. 1988). *See also United States v. Klee*, 494 F.2d 394, 396 (9th Cir. 1974). The record does not show that the district court's findings were erroneous at all, let alone sufficiently erroneous to overcome the

deference that is owed to the district court. Accordingly, the district court did not err by denying Teves's motion for a mistrial.

**2.** Teves argues that the district court plainly erred by failing to offset the personal money judgment by the value of the specific property listed in the forfeiture order. Because Teves raises this objection for the first time on appeal, she must "show that the district court made (1) an error (2) that was clear or obvious, (3) that affected substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of judicial proceedings." *United States v. Daniels*, 760 F.3d 920, 922-23 (9th Cir. 2014) (citation omitted).

"When the government has met the requirements for criminal forfeiture, the district court must impose criminal forfeiture, subject only to statutory and constitutional limits." *United States v. Newman*, 659 F.3d 1235, 1240 (9th Cir. 2011) (citation omitted). The statutory provisions applicable here–18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)–require Teves to forfeit "a very specific amount–the proceeds of [her] criminal activity." *Id.* at 1243 (citation omitted). At oral argument, the government conceded that the proceeds from the sale of the specific property listed in the forfeiture order will be credited against the personal money judgment once the property is sold. Teves cites to no case that requires a district court to order an offset against a personal money judgment by the value of

3

the seized property *before* the property is sold. In the absence of such controlling authority, we conclude that the district court did not plainly err by failing to order the offset. In the event that Teves's personal money judgment is not offset by the proceeds of the forfeiture sale, and the Government attempts to collect in total more than the facial amount, Teves will be free to raise the challenge at that time.

**AFFIRMED.**