**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 11 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50134 |
| Plaintiff-Appellee, | D.C. No. 2:13-cr-00403-CAS-1 |
| v. | |
| AARON RAMOS, AKA Droopy, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted December 6, 2017
Pasadena, California

Before: CANBY and REINHARDT, Circuit Judges, and BLOCK,** District Judge.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Frederic Block, United States District Judge for the Eastern District of New York, sitting by designation.

1

Aaron Ramos ("Ramos") appeals his convictions and sentence for distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and conspiracy to commit this offense, in violation of 21 U.S.C. § 846. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm his convictions, vacate his sentence, and remand for resentencing.

1. The district court did not abuse its discretion by denying Ramos's motion for mistrial or new trial based on five instances of alleged prosecutorial misconduct. *See United States v. Washington*, 462 F.3d 1124, 1135 (9th Cir. 2006). The district court properly concluded that three of these instances—misstating the testimony of Ramos's mother and the defense translator, and misrepresenting the "proof beyond a reasonable doubt" standard through an inapt analogy—while improper, were harmless. "Under harmless error review, . . . reversal is justified only if it appears more probable than not that prosecutorial misconduct materially affected the fairness of the trial." *United States v. Ruiz*, 710 F.3d 1077, 1082 (9th Cir. 2013) (quotation marks omitted). Whatever prejudice was caused by the prosecutor's misconduct was "neutralized" by the district court's curative instructions and admonitions as well as curative steps taken by both parties. *United States v. Navarro*, 608 F.3d 529, 535-36 (9th Cir. 2010).

Accordingly, we find these instances of misconduct harmless both individually and cumulatively.

The district court also did not abuse its discretion by concluding that the prosecutor did not improperly shift the burden to Ramos. The rhetorical questions posed by the prosecutor were "intended to highlight the weaknesses" of Ramos's case and the prosecutor "[did] not argue that a failure to explain [those questions] adequately requires a guilty verdict . . . ." *United States v. Tucker*, 641 F.3d 1110, 1120-21 (9th Cir. 2011) (quotation marks omitted). In addition, both the district court and the prosecutor "reiterate[d] that the burden of proof is on the government." *Id.*

Finally, it was not plain error to conclude that the prosecutor did not improperly disparage defense counsel. The comments in question—that the defense "didn't want to show you" a damaging piece of evidence—"were directed to the strength of the defense on the merits," not defense counsel herself. *United States v. Ruiz*, 710 F.3d 1077, 1086 (9th Cir. 2013) (quotation marks omitted).

2. Ramos also argues that the district court erred by excluding under Federal Rule of Evidence 801(d)(2) the government's prior statement in his co-defendant's sentencing memorandum that she was a "source" of methamphetamine, an admission he contends would have supported his defense. Assuming without

3

deciding that it was error to exclude the statement under Rule 801(d)(2) and as irrelevant, this error was harmless. The prosecutor emphasized throughout his closing the state's theory of the alleged conspiracy: Ramos connected potential customers to his co-defendant and his co-defendant actually obtained and distributed the drugs. In light of the prosecutor's representations, additional evidence suggesting that his co-defendant was a source of methamphetamine would not have made a difference.

Therefore, we affirm Ramos's convictions.

3. Turning to Ramos's sentence, we conclude that the district court erred by failing to personally invite Ramos to allocute at his sentencing hearing. Under Federal Rule of Criminal Procedure 32(i)(4)(A)(ii), the district court "must . . . address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence." Before sentencing Ramos, the district court stated, "Obviously, I do want to hear from Mr. Ramos if he wishes to be heard. No?" Defense counsel responded, "We can move forward, Your Honor." This was plain error.

Rule 32 "clearly provides that the court shall address the defendant *personally* and invite him to respond with a statement bearing on mitigation of punishment." *United States v. Navarro-Flores*, 628 F.2d 1178, 1184 (9th Cir.

4

1980) (emphasis added). The district court's use of the third person and defense counsel's response suggests that court addressed counsel rather than Ramos. It was error for the district court not to "unambiguously address" Ramos. *See Green v. United States*, 365 U.S. 301, 305 (1961).

An error is "plain" where the "plain language" and "express command" of Rule 32 required the court to do something it did not do. *United States v. Joseph*, 716 F.3d 1273, 1280 (9th Cir. 2013) (quoting *United States v. Waknine*, 543 F.3d 546, 552-53 (9th Cir. 2008)). Because the district court did not do something it was required to do by Rule 32's "express command," this error was plain.

This error also affected Ramos's "substantial rights." "[O]ur precedents are quite clear: when a district court *could have* lowered a defendant's sentence, we have presumed prejudice and remanded, even if we doubted that the district court *would have* done so." *United States v. Gunning*, 401 F.3d 1145, 1149 (9th Cir. 2005). Here, there was no mandatory minimum sentence; therefore, the district court *could have* lowered Ramos's sentence.

Finally, this error "seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." *Joseph*, 716 F.3d at 1281. We "regularly deem[] the fourth prong of the plain error standard to have been satisfied where, as here, the sentencing court committed a legal error that may have increased the

length of a defendant's sentence." *Id.* (quotation marks omitted).  In addition, allocution plays a central role in the sentencing process: "The right to allocute, and to be told that allocution is an option, is both important to the person being sentenced and fundamental to our criminal justice system."  *United States v. Daniels*, 760 F.3d 920, 926 (9th Cir. 2014).  Therefore, we vacate Ramos's sentence and remand for resentencing.

4.  Because we vacate Ramos's sentence on this ground, we do not reach his argument that the district court erred under Federal Rule of Criminal Procedure 32(i)(3)(B) by failing to rule on his request for a mitigating role adjustment under U.S.S.G. § 3B1.2.  We note, however, that on remand, the district court should ensure that it has, as required "for any disputed portion of the presentence report," "rule[d] on the dispute or determine[d] that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing."  Fed. R. Crim. P. 32(i)(3)(B).  We require "strict compliance with Rule 32" and have held that the rulings must be "express or explicit."  *United States v. Doe*, 705 F.3d 1134, 1153 (9th Cir. 2013).

**AFFIRMED IN PART, VACATED IN PART, and REMANDED.**