
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    17-10155 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00398-LDG-GWF-1 |
| v. | |
| BARRY BENJAMIN DOOLEY, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Lloyd George, Senior District Judge, Presiding

Argued and Submitted November 17, 2017
San Francisco, California

Before:    LEAVY, W. FLETCHER, and PAEZ, Circuit Judges.

Barry Benjamin Dooley appeals from the district court's judgment revoking

his supervised release and imposing an 18-month sentence, followed by 18 months

of supervised release.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm

in part, vacate in part, and remand.

---

   * This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1. The district court plainly erred by revoking Dooley's supervised release based on a finding of battery with a deadly weapon when the revocation petition did not identify the Nevada statute he was accused of violating.

When a revocation petition alleges the commission of a new crime and the offense charged is not evident from the condition of probation being violated, a defendant is entitled to notice of the specific statute he is charged with violating. *See United States v. Havier*, 155 F.3d 1090, 1092 (9th Cir. 1998). Here, the factual narrative in the petition, alleging that Dooley jabbed his girlfriend in the eye with a hammer, gave insufficient notice that the government would rest its revocation argument on the charge of battery with a deadly weapon. *Cf. id.* at 1093 (distinguishing *United States v. Tham*, 884 F.2d 1292 (9th Cir. 1989), because the charge in *Tham* "was itself evident from the condition of probation that the defendant was alleged to have violated – associating with a convicted felon," and there was additional factual detail of the incident).

There is a reasonable probability that Dooley would have received a different sentence absent this error. Dooley's defense strategy focused on showing that Dooley committed misdemeanor coercion rather than felony coercion and most likely would have differed had he been informed of the unnoticed charge. Furthermore, battery with a deadly weapon was the only charge the district court

2

found to support a Grade A violation, which exposed Dooley to a higher sentencing guideline range. *See* U.S.S.G. § 7B1.4. Accordingly, the error affected Dooley's substantial rights. *United States v. Anderson*, 201 F.3d 1145, 1152 (9th Cir. 2000) ("[A] longer sentence undoubtedly affects substantial rights."). The potential impact on Dooley's sentence also satisfies the fourth prong of the plain error standard: that the error "seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." *See United States v. Joseph*, 716 F.3d 1273, 1281 (9th Cir. 2013) (stating that this court "regularly deem[s] the fourth prong of the plain error standard to have been satisfied where, as here, the sentencing court committed a legal error that may have increased the length of a defendant's sentence"), (quoting *United States v. Tapia*, 665 F.3d 1059, 1063 (9th Cir. 2011)).

2. We reject Dooley's challenges to the district court's determination that he violated 18 U.S.C. § 1512(d)(2) of the witness tampering statute, 18 U.S.C. § 1512(d). Dooley cites no authority for his contention that the same conduct cannot violate both § 1512(d)(1) (testifying in an official proceeding) and § 1512(d)(2) (reporting the commission of a violation of supervised release). The plain language of § 1512(d) contemplates such a result; for example, dissuading a person from "testifying in an official proceeding" under § 1512(d)(1) can also be construed as dissuading a person from "assisting in [a criminal] prosecution or

3

proceeding" under § 1512(d)(4). 18 U.S.C. § 1512(d)(1)-(4). Sufficient evidence supports the district court's determination that Dooley violated § 1512(d)(2) by encouraging a witness to come to a revocation proceeding and recant her accusations. A reasonable factfinder could find Dooley was dissuading this witness from "reporting to a law enforcement officer or judge of the United States the commission or possible commission" of a violation of conditions of supervised release. 18 U.S.C. § 1512(d)(2). Further, we reject Dooley's contention that the district court failed to consider Dooley's affirmative defense. Dooley cites no authority requiring a specific finding on the affirmative defense, and the record does not show that the district court failed to consider Dooley's arguments.

3. The parties agree the district court plainly erred by not offering Dooley the opportunity to allocute before imposing a sentence. *See United States v. Daniels*, 760 F.3d 920, 924-26 (9th Cir. 2014) (holding that a district court commits plain error when it does not offer a supervised releasee the chance to allocute before imposing a sentence).

We vacate the judgment with respect to the charge of battery with a deadly weapon. We affirm the judgment with respect to the charge of witness tampering. Because we vacate the sentence and remand on other grounds, we do not reach Dooley's remaining arguments.

**AFFIRMED in part; VACATED in part; REMANDED.**