NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 5 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>LUIS KRUEGER, a.k.a. Luis Fernando Vasquez-Alas,<br><br>Defendant-Appellant. | No.  17-50302<br><br>D.C. No. 2:15-cr-00662-ODW-12<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, II, District Judge, Presiding

Submitted October 22, 2018[**]

Before:     SILVERMAN, GRABER, and GOULD, Circuit Judges.

Luis Krueger appeals from the district court's judgment and challenges the

24-month sentence imposed following his guilty-plea conviction for conspiracy to

launder money instruments, in violation of 18 U.S.C. § 1956(h).  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Accordingly, Krueger's request for oral argument is denied.

jurisdiction under 28 U.S.C. § 1291, and we vacate and remand for resentencing.

Krueger contends that the district court denied him the right to allocute in violation of Federal Rule of Criminal Procedure 32(i)(4)(A)(ii) and due process. The government argues that this claim is covered by the appeal waiver in the parties' plea agreement. Because it is not clear that the waiver encompasses this issue, we address the merits of Krueger's claim.

The parties disagree as to whether Krueger's claim should be reviewed for harmless or plain error. We need not resolve this dispute because, even applying plain error, we conclude that remand is required. *See United States v. Daniels*, 760 F.3d 920, 922-23 (9th Cir. 2014).

Krueger began his allocution by apologizing to the district court. The district court almost immediately interrupted him, stating, "No, no, listen, please, you are already kind of ahead on points. If you start throwing B.S. up here, things are going to change." The record reflects that the district court's statement, and its suggestion that it might impose a higher sentence if Krueger continued to speak, intimidated Krueger and caused him to limit his remarks. Under these circumstances, we conclude that Krueger was denied his fundamental right to speak and ask for a lesser sentence. *See id.* at 926 (right to allocute is "fundamental to our criminal justice system"); *United States v. Sarno*, 73 F.3d 1470, 1503 (9th Cir. 1995) (right to allocute was violated where district court's

remarks inhibited defendant from "speaking freely").  Moreover, because the district court could have imposed a lower sentence, the denial was prejudicial.  *See Daniels*, 760 F.3d at 926.  Accordingly, the district court plainly erred, and we vacate Krueger's sentence and remand.  Further, we grant Krueger's request that this matter be reassigned to a different district judge for resentencing.

The government's motion to strike a portion of Krueger's excerpts of record is denied.

**VACATED and REMANDED for resentencing.**

17-50302