NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 18 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50401 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-07139-BAS-1 |
| v. | |
| CESAR VALENZUELA-TORRES, AKA Arturo Luna-Torres, AKA Jorge Rodriguez Padilla, AKA Cesar Torres Valenzuela, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Cynthia A. Bashant, District Judge, Presiding

Submitted July 15, 2019[**]

Before:     SCHROEDER, SILVERMAN, and CLIFTON, Circuit Judges.

Cesar Valenzuela-Torres appeals from the district court's judgment and challenges the 24-month sentence imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Valenzuela-Torres argues that the district court violated Federal Rule of Criminal Procedure 32.1 by denying him the right to allocute before it imposed the revocation sentence. The standard of review for unpreserved allocution errors during sentencing is unsettled in this circuit. *See United States v. Daniels,* 760 F.3d 920, 922-23 (9th Cir. 2014). Because we conclude that Valenzuela-Torres would not prevail under either standard, we need not resolve that question. For purposes of this appeal, we assume without deciding that harmless error review applies.

During a consolidated hearing, the court invited Valenzuela-Torres to speak before imposing the sentence on his new conviction for illegal reentry and his violation of supervised release. Thus, Valenzuela-Torres was given "an opportunity to make a statement and present any information in mitigation," Fed. R. Crim. P. 32.1(b)(2)(E), before the revocation sentence was imposed. The court was not required to provide him a second opportunity to speak. *See United States v. Allen,* 157 F.3d 661, 666 (9th Cir. 1998) (rejecting the claim that a defendant is "entitled to two distinct opportunities to address the court-before the imposition of his sentence for the new conviction[], and prior to the imposition of sentence after revocation").

**AFFIRMED.**