**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JASON PAUL CHRISTENSEN,

Defendant-Appellant.

No. 19-50004

D.C. No. 8:18-cr-00219-AG-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted January 24, 2020
Pasadena, California

Before: CLIFTON and LEE, Circuit Judges, and BLOCK,[**] District Judge.

Defendant-Appellant Jason Paul Christensen challenges the district court's

revocation of his supervised release. We affirm the district court's finding that he

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Frederic Block, United States District Judge for the Eastern District of New York, sitting by designation.

violated a condition of his supervised release, but we vacate his sentence and remand for resentencing with instructions to give him an opportunity to allocute.

We review a district court's revocation of a term of supervised release for an abuse of discretion. *United States v. Perez*, 526 F.3d 543, 547 (9th Cir. 2008). On a sufficiency-of-the-evidence challenge to a revocation, we ask whether, "viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of a violation by a preponderance of the evidence." *United States v. King*, 608 F.3d 1122, 1129 (9th Cir. 2010) (citations omitted).

Christensen argues that no rational trier of fact could have inferred from the record that he completed a mental health evaluation and received treatment recommendations from the evaluating professional, which was a precondition for the district court's finding that he had violated Condition 5 of his supervised release. Christensen never made this challenge in the district court, and the record shows that he attended counseling sessions before both of the appointments that he missed. Thus, we conclude that, absent any challenge made in the district court as to whether he was ever evaluated, a rational trier of fact could have found by a preponderance of the evidence that these missed appointments were part of a treatment recommendation provided by a mental health professional.

Nevertheless, at sentencing, the district court did not allow Christensen to exercise his right to allocute. It is well established that failure to allow a supervised releasee to exercise his right to allocute is plain error. *United States v. Daniels*, 760 F.3d 920, 926 (9th Cir. 2014). We therefore vacate the sentence and remand to the district court for resentencing with instructions to permit Christensen to allocute.

**AFFIRMED IN PART, VACATED IN PART, and REMANDED.**