NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 22 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff - Appellee, v. GABRIEL MATA, Defendant - Appellant. | No. 23-4355 D.C. No. 1:23-cr-00053-JLT-SKO-1 MEMORANDUM* |

Appeal from the United States District Court for the
Eastern District of California
Jennifer L. Thurston, District Judge, Presiding

Submitted November 20, 2024**
San Jose, California

Before: GRABER, FRIEDLAND, and BUMATAY, Circuit Judges.

Gabriel Mata appeals from a judgment of the district court sentencing him to 33 months' imprisonment. Because Mata did not object during sentencing, we review for plain error whether the district court erred by failing to invite allocution.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*United States v. Williams*, 5 F.4th 973, 978 (9th Cir. 2021). And we review the district court's factual findings under the Sentencing Guidelines for clear error. *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(e). We vacate in part, affirm in part, and remand for resentencing at which Mata is invited to allocute.

1. The district court committed plain error by failing to invite Mata to allocute at sentencing. Before imposing a sentence, a district court must "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence." Fed. R. Crim. P. 32(i)(4)(A)(ii); *see also United States v. Daniels*, 760 F.3d 920, 923 (9th Cir. 2014). We review whether the district court failed to invite Mata to allocute for plain error, which requires "(1) an error, (2) that was clear or obvious, (3) that affected substantial rights, and (4) that seriously affected the fairness, integrity or public reputation of judicial proceedings." *Daniels*, 760 F.3d at 923 (cleaned up). The government concedes that the district court did not invite Mata to allocute, and it also concedes that this failure constituted reversible error. We agree.[1] Our precedent is "quite clear" that "when a district court *could have* lowered a defendant's sentence, we have presumed prejudice and

---

[1] Because we conclude that the district court committed reversible error under Federal Rule of Criminal Procedure 32(i)(4)(A)(ii), we do not reach Mata's argument that the district court violated his right to due process by failing to invite him to allocute.

remanded." *Id.* at 925 (quotation marks omitted). Here, the district court could have imposed a lesser sentence on Mata, because a 33-month term represented the high end of the Guidelines range.

2. The district court did not clearly err in finding, by a preponderance of the evidence, that Mata possessed a firearm after his escape from a halfway house.[2] Mata contends that the court clearly erred in finding he possessed a firearm and thus should have applied U.S.S.G. § 2P1.1(b)(3) to his sentence, resulting in a four-level adjustment. We review the district court's factual findings, including Mata's possession of a firearm after his escape, for clear error. *Gasca-Ruiz*, 852 F.3d at 1170. To meet the preponderance standard, the government had to show that it was "more likely true than not" that Mata possessed a firearm after his escape. *United States v. Collins*, 109 F.3d 1413, 1420 (9th Cir. 1997).

The evidence showed that: (1) Mata's wife told police officers that she saw him holding a gun in his front sweatshirt pocket during the incident; (2) Mata's wife described the firearm to a police officer as black in color and similar to the officer's weapon; (3) Mata threatened to shoot his wife and the police during the incident; (4) Mata's wife mentioned that Mata usually carried a firearm in his sweater pocket or

---

[2] The parties dispute whether the government had to prove that Mata possessed a firearm by clear and convincing evidence or by a preponderance of evidence. We recently settled that debate and held that a "preponderance of the evidence" standard satisfies due process for fact-finding under the Guidelines. *United States v. Lucas*, 101 F.4th 1158, 1162 (9th Cir. 2024) (en banc).

his lap; and (5) Mata's wife's sister stated that she saw Mata trying to conceal something in his front sweatshirt pocket during the incident. In response to this evidence, Mata claims that what the witnesses saw may have been a "replica gun that was inoperable or a mere toy." But he presents no evidence for this speculative theory. And he further claims that his contemporaneous use of methamphetamine impaired his cognitive abilities such that he was "merely bluffing" when he threatened to shoot his wife and the police. But this claim is similarly unsupported by the evidence. Thus, the district court did not clearly err in finding that Mata likely possessed a firearm after his escape.

**VACATED IN PART, AFFIRMED IN PART, AND REMANDED FOR RESENTENCING AT WHICH THE DEFENDANT IS INVITED TO ALLOCUTE.**