NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 27 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JEREMIAH ROBERT WIBERG,

Defendant - Appellant.

No. 24-1237

D.C. No.
1:06-cr-00063-SPW-1

MEMORANDUM*

---

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted May 20, 2025**
Seattle, Washington

Before: GOULD, TALLMAN, and CHRISTEN, Circuit Judges.

Defendant Jeremiah Robert Wiberg appeals the district court's fifth

revocation of his supervised release and imposition of an 18-month prison sentence

and a lifetime period of supervised release. We review for plain error sentencing

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

calculations and objections raised for the first time on appeal. *United States v. Bautista*, 989 F.3d 698, 701 (9th Cir. 2021); *United States v. Daniels*, 760 F.3d 920, 922 (9th Cir. 2014). We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm.

Wiberg argues that the district court plainly erred in failing to recalculate his criminal history category based on Amendment 821 to the United States Sentencing Guidelines Manual (USSG).[1] Wiberg contends that Amendment 821 applies retroactively, and that it would have eliminated two criminal history points from his sentencing guidelines calculation at his original sentencing. Accordingly, he argues that the district court should have used a lower criminal history category when it imposed the sentence at his revocation hearing.

USSG § 7B1.4 instructs district courts to calculate a revocation sentence using the criminal history category "applicable at the time the defendant originally was sentenced to a term of supervision." U.S. Sent'g Guidelines Manual § 7B1.4(a) (U.S. Sent'g Comm'n 2010). A court "may" reduce a defendant's final sentence pursuant to a retroactive amendment to the USSG "upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion." 18 U.S.C. § 3582(c)(2). But Wiberg did not move for a reduction of his original

---

[1] Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534 (Sept. 1, 2023); Amendment 821, U.S. Sent'g Comm'n, https://www.ussc.gov/guidelines/amendment/821 (last visited March 19, 2025).

sentence and the court was not obligated to consider such reduction *sua sponte*. *See Dillon v. United States*, 560 U.S. 817, 828 (2010) ("[T]he sentence-modification proceedings authorized by § 3582(c)(2) are not constitutionally compelled."). The district court did not commit plain error by applying Wiberg's original criminal history category to determine his revocation sentence.

Wiberg next challenges the imposition of a lifetime term of supervised release. We find no plain error. The district court adequately explained the need for lifetime supervision given its mandate to protect the public and Wiberg's history of non-compliance. *See United States v. Hammons*, 558 F.3d 1100, 1103–05 (9th Cir. 2009).

**AFFIRMED.**