**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 3 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-3328 |
| Plaintiff - Appellee, | D.C. No. 6:17-cr-00380-MC-1 |
| v. | |
| CHARLES YANCEY IV, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted May 21, 2025**

Before:    SILVERMAN, LEE, and VANDYKE, Circuit Judges.

Charles Yancey IV appeals from the district court's judgment and challenges

the 30-month sentence imposed upon the revocation of his probation.  We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Yancey argues that the district court procedurally erred by improperly

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

terminating his allocution and preventing him from presenting mitigating arguments. He further contends the court erred by failing to consider the parties' recommendations and focusing exclusively on the danger he posed to the public. Finally, Yancey claims the court failed to adequately explain the sentence.

These claims are unavailing. The record reflects that the district court invited Yancey to speak before imposing the sentence, and that he was afforded an adequate "opportunity to make a statement and present any information in mitigation." Fed. R. Crim. P. 32.1(b)(2)(E); *see also United States v. Daniels*, 760 F.3d 920, 924 (9th Cir. 2014). The record also shows that the court considered the parties' recommendations, including Yancey's mitigating circumstances, and was aware that it could impose a sentence within the 8-14 month range provided in the Chapter 7 policy statement. Instead, it reasonably elected to sentence Yancey under the 63-78 month range governing his original conviction, *see United States v. Plunkett*, 94 F.3d 517, 519 (9th Cir. 1996), and explained why a 30-month prison sentence was appropriate in light of his squandered opportunities to comply with the conditions of probation, his poor decision-making, and his inability to get his drug use under control. This explanation belies Yancey's assertion that the court unduly focused on dangerousness and is sufficient to permit meaningful appellate review. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Yancey also asserts that his sentence is substantively unreasonable. He has not shown, however, that the district court abused its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The 30-month sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including the nature of Yancey's violation conduct. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**