NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 15 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RENE ANTHONY RAMIREZ,

Defendant - Appellant.

No. 24-5151

D.C. No.
2:21-cr-00215-JAD-NJK-1

MEMORANDUM*

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RENE ANTHONY RAMIREZ,

Defendant - Appellant.

No. 24-5232

D.C. No.
2:15-cr-00289-JCM-CWH-1

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Submitted December 10, 2025[]
San Francisco, California

Before: BUMATAY, JOHNSTONE, and DE ALBA, Circuit Judges.

In these consolidated appeals, Rene Ramirez challenges (1) the sentence imposed following his federal conviction for violating the Sex Offender Registration and Notification Act (SORNA) and (2) the revocation sentence imposed in his earlier federal child-pornography case. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in No. 24-5151 and remand in No. 24-5232.

**1. SORNA Sentence (No. 24-5151)**

The district court did not err in concluding that Ramirez's Nevada conviction for attempted incest was not "relevant conduct" under U.S.S.G. § 1B1.3 for purposes of § 5G1.3(b). The fact that Ramirez sexually assaulted his minor cousin during the broader period in which he failed to update his sex-offender registration does not render the state offense part of the same course of conduct, common scheme or plan, or offense behavior as his federal failure-to-register offense. *See United States v. Cruz-Gramajo*, 570 F.3d 1162, 1172 (9th Cir. 2009). As the district court explained, the offenses differ in nature, involve different victims, and cause distinct harms—one to an individual minor victim, and the other to the public.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Ramirez's argument that any sex offense committed during the failure-to-register period must be relevant conduct because it triggers a specific-offense-characteristic enhancement under U.S.S.G. § 2A3.5(b) is unpersuasive. The guideline's text does not incorporate Chapter One's relevant-conduct standard, and enhancements for conduct that is not relevant are common. *See, e.g., United States v. Fifield*, 432 F.3d 1056, 1062–63 (9th Cir. 2005).

We therefore affirm Ramirez's sentence in the SORNA case.

## 2. Computer-Monitoring Special Conditions

Because Ramirez did not object below, we review for plain error. The challenged computer-monitoring provisions are neither vague nor overbroad. Each condition is expressly limited to searches supported by reasonable suspicion, and the monitoring software applies only to devices capable of accessing or storing illicit material. Ninth Circuit precedent has upheld materially identical conditions. *See United States v. Lupold*, 806 F. App'x 522, 525–26 (9th Cir. 2020). The district courts therefore did not plainly err.

## 3. Revocation Sentence (No. 24-5232)

In the revocation proceeding for Ramirez's child-pornography case, the district court did not invite Ramirez to allocute before imposing a sentence.  A defendant's right to allocution applies at a revocation sentencing, and failure to afford that opportunity constitutes plain error. *United States v. Daniels*, 760 F.3d 920, 924–26

(9th Cir. 2014). We therefore vacate the revocation sentence and remand for resentencing.

The sentence in the SORNA case (No. 24-5151) is **AFFIRMED**.

The revocation sentence in the child-pornography case (No. 24-5232) is **VACATED AND REMANDED** for resentencing so that Ramirez may be afforded his right to allocution.